JUDG-B PETERS
delivered Tins opinion op the court:
The appellant brought this suit, alleging, in substance, that on the 1st of October, 1857, one W. E. Culver, a banker in Louisville, owed the plaintiff $1,430 53, and to other persons large sums, payable on demand, on account of money deposited with him; that a panic prevailed, and the confidence of the public in the ability of Culver, and other private bankers, to meet the demands of their depositors, had been greatly impaired. That the defendants, knowing that many persons had large sums deposited with Culver, and fearing that they would demand the same, and knowing that he could not meet said demands if made, on sai I 1st of October, or shortly after said day, in consideration that the plaintiff and the other depositors would forbear to withdraw' their deposits, and would permit Culver to keep and use the same, during the panic or until he could conveniently pay them, and to prevent “a run upon him” and of sustaining his credit, did on said day, sign and deliver to Culver, and publish in the newspapers, the following instrument:
“Louisville, Oct. 1, 1857.
We the undersigned agree to guaranty the depositors of Wm E Culver in the payment in full of their demands against said Culver, on account of money deposited with him.
We have entire confidence in his ability to meet all demands.
James Thompson, James Gutiieie,
Levi Tylee, Wm. B. Caldwell,
Isaac Caldwell, Joseph Swager,
F. S. J. Ronald, W. H. Stokes.”
*151 That the plaintiff intended to withdraw his deposits from Culver on the said 1st day of October, and drew a check for that purpose; but said Culver showed him the said instrument, signed by said defendants; and that the plaintiff relying upon the guaranty therein contained, accepted the same and acted upon it, and suffered and permitted his said money to remain with said Culver on deposit, and did not insist on the payment of his said check, as he would have done but for said contract of the defendants. That said defendants delivered said guaranty to Culver for the benefit of all his depositors, and that. Culver did exhibit and deliver the same to his depositors to obtain forbearance and indulgence, and to sustain his credit, of all which defendants had due notice. That Culver failed, and closed his banking house on the 5th of October, 1857, and that, though often requested he has failed to pay plaintiff said sum of $1,430 53, or any part thereof, of which defendants had due notice. Wherefore he prays judgment against them for said sum of money.
The defendants demurred, upon the grounds 1st. That there ■was a defect of parties. 2d. That the petition did not state facts sufficient to constitute a cause of action. Upon the last ground the demurrer was sustained, and the petition dismissed. Afterwards, but during the same term, the plaintiff offered to file an amended petition, alleging, in substance, that the defendants, by delivering to Culver, and publishing in the newspapers, the aforesaid guaranty, waived notice of. an acceptance of it by the depositors; which motion was overruled, and the plaintiff appealed.
In support of the first ground of demurrer, it is contended that the guaranty was intended to be obligatory only in the event that it should be accepted by all the depositors, and that such is its effect, and therefore all the depositors are necessary parties to this suit.
We are of a different opinion. The petition shows that the appellant alone is entitled to the money claimed by him; the other depositors have no interest in it, nor in this action. The fact, if conceded, that their acceptance of the guaranty was *152 necessary to render it obligatory in favor of appellant, did not make them necessary parties to his action.
Upon the second ground of demurrer several questions are made by counsel.
1. It is contended for appellant that the writing was not a propoposal to guaranty those depositors who might give indulgence to Culver; but an absolute guaranty of payment of all the deposits in Culver’s hands, without any future action by the depositors.
This position is inconsistent with the petition, which alleges that the writing was executed in consideration of forbearance to be thereafter given to Culver by his depositors. Moreover, if this position of counsel is correct, the petition is detective; because it shows that there was no consideration for such an agreement. True, as suggested by counsel, a writing imports, prima facie, a valuable consideration; but the presumption of a sufficient consideration ceases to exist whenever the party relying upon the agreement undertakes, though unnecessarily, to show what was the consideration. (Jerome vs. Whitney, 7 John., 321; Bullitt vs. Ralston, 1 A. K. Mar., 331.)
The appellant undertook to show the consideration of this agreement, and the facts stated by him shows that there was no consideration, unless it consisted in future forbearance by Culver’s depositors, which clearly could form no consideration for an absolute agreement by the appellees to pay said depositors without reference to such forbearance.
2. On the other side it is conténded that the guaranty is void under the Statute of Frauds, because it does not sufficiently express the agreement of the parties. We perceive no material defect in the writing, unless it consists in its failure to state the consideration which induced its execution.
As a consideration is an essential part of every contract, and is not implied by the common law to support a contract not under seal, it was held by the English courts that writings not under seal, to be valid under the Statute of Frauds, must contain a statement oí the consideration of the contract; and the doctrine appears to have been recognized by this court; but it was never applicable to contracts under seal, because, *153 as to them, the common law presumed a consideration. (Livingston vs. Tremper, 4 John., 416; Douglass vs. Howland, 24 Wend., 35; Edelin vs. Gough, 5 Gill., 103; Childs vs. Barnum, 11 Barb., 14.) But under the Kentucky Statute of 1812, (1 S. L., 343,) written contracts, whether sealed or not, imported a consideration, whilst under the acts of 1801, (Ib., 331,) and of 1815, (1 Ib., 345,) the consideration of such writings could |?e impeached by plea. In view of these provisions, which were adopted in the Revised Statutes, and which apply to contracts embraced by the Statute of Frauds, and apparently for the purpose of placing it beyond doubt that such contracts should stand upon the same footing as other written contracts with respect to the consideration, it was enacted, concerning contracts required to be in writing, that “the consideration need not be expressed in the writing;” it may be proved when necessary, or disproved, by parol or other evidence. (Revised Statutes, chap 22, sec. 1.)
Neither the language, nor policy of the statute, furnishes any ground for a distinction between executed and executory considerations. It is as dangerous to admit parol evidence of the one as the other.
It seems clear that this guaranty would not have been void under the statute of frauds, if it had been given in consideration of money paid to the guarantors by the depositors; and we perceive no ground for holding it void under that statute, if it is supported by any other sufficient consideration, whether executed or executory, though not stated in the writing.
There would be no room for doubt upon this point, but for the fact that the statements of the petition, as to the consideration, show that the contract, instead of being an unconditional guaranty, as it on its face purports to be, was a conditional guaranty, depending for its validity upon the performance of certain acts by the depositors. As it is not claimed in the petition that the guarantors made any other contract than that contained in the writing, the question whether or not the contract is void under the statute of frauds may be answered by determining whether or not there is a variance between the contract contained in the writing and that set forth *154 in the petition. We are clearly of opinion there is no such variance. In Smith’s Lending Cases, vol. 1, page 628, 4 Am. Ed., it is said: “No rule of law is better settled than that a conditional promise for the payment of money .becomes absolute as soon as the condition is fulfilled, and may be declared on as if it had never existed. (Stone vs. Rogers, 2 M. & W., 443.) For asHhe engagement of the promissor finally results, in such cases, in an unqualified obligation, the law implies an unqualified promise for its fulfillment. Thus, the indebitatus counts are sustained every day on promises, which, although contingent originally, have ended in an absolute liability” Our views as to whether there is a variance between the contract contained in the writing, and that set forth in the petition, is sustained by the for eg >ing authority.
It is also contended that appellant is estopped from relying upon the alleged consideration of forbearance with Culver because it is inconsistent with the writing. And, if not, yet that the petition is defective, because it does not show that the contemplated forbearance was to be given during such time as would form a consideration for the guaranty; because it does not show that all the depositors gave the contemplated forbearance; and because it does not show that the appellant agreed with Culver, or the guarantors, to give any forbearance.
In support of the first point, it is argued, that the object of the guarantors, as shown by the writing, was to inspire confidence, not only in Culver’s ultimate solvency, but in his ability to pay all deposits at once if demanded, and thus to prevent a run upon him; that an offer to guaranty the depositors, if they would forbear to make demand until Culver could conveniently pay', would have.impaired confidence in his ability to pay promptly, and might thus have caused a run upon him, and, therefore, that the averment of future forbearance, as the consideration of the guaranty, is inconsistent with the writing.
In our opinion the writing furnishes no foundation for this argument, except the expression of entire confidence in his (Culver’s,) ability to meet all demands. The guaranty contained in it, expressed, by implication, a doubt, at least, of his ability to pay promptly; and this expression of doubt is con *155 sistent with the expression of confidence in his ability to meet all demands, but not with an expression of confidence in his ability to meet all demands promptly. If, as alleged, public confidence in Culver was impaired, and the guaranty was given in consideration of future forbearance to him, its necessary tendency was to deter and prevent depositors from demanding immediate payment; because, by doing so, they would have lost the benefit- of the guaranty, without, perhaps, getting payment from Culver, and it may be presumed that the appellees expected the guaranty to operate thus in procuring indulgence lor him.
The petition states that the guaranty was given in consideration “that the plaintiff and the other depositors would forbear,” &;c. If that was the consideration, the petition is defective in failing to allege forbearance by the other depositors. But perhaps the petition, in view of other parts of it, should be regarded as averring, in substance, that the defendants designed the paper as a guaranty to such of the depositors as might give forbearance to Culver, and that they executed it in consideration of such forbearance, to be given by the several depositors. That the averment of such a consideration is not inconsistent with the writing is obvious from the fact that the writing contains no statement concerning the consideration. If the petition had alleged that the guaranty was given in consideration of a certain per centage, to be paid by the several depositors, and that the plaintiff had paid the same, it seems clear that he could have maintained his action, without alleging that all the other depositors had paid the per centage ex pected from them, it seems equally clear, that, if the consideration was forbearance to Culver by the several depositors, the plaintiff can sue without alleging forbearance by all of them.
Nor do we concur in the opinion of the circuit judge, that the petition is defective because it fails to aver that the plaintiff agreed with Culver, or with the guarantors, that he would give indulgence to Culver. If, as alleged, the guaranty was given in consideration that the several depositors would forbear to demand their deposits, the giving of forbearance was *156 sufficient, whilst an agreement to give it, without doing so, would not have been sufficient.
We are also of opinion that, if the consideration was forbearance to Culver during the panic, or until he could conveniently pay, his failure and the close of his house on the 5th of October dispensed with the necessity of further forbearance; and that forbearance until that time formed a sufficient consideration to support the contract.
What was the consideration depends upon evidence not contained in the writing. The writing neither estops the plaintiff from showing that the consideration was forbearance by the several depositors respectively, nor the defendants from showing that the consideration was forbearance coupled with an agreement to forbear by all the depositors.
4. It remains to be considered whether or not notice to the appellees of an acceptance of the guaranty by the appellant was necessary; and, if ic was, whether or not the petition avers such notice.
It is a general rule, that if a person offers to pay money upon the performance of an act by another, the performance of the act by the latter, without any' notice of his acceptance of the offer, or of his intention to act upon it, gives him a right to demand the money. This rule applies to the offer of a reward for the return of lost property, and to many other cases. But it is settled in the tribunals of the United States, and of several States, as an exception to that rule, that where the offer is to guaranty a debt for which another is primarily liable, in consideration of some act to be performed by the creditor, mere performance of the act is not sufficient to fix the liability of the guarantor; but the creditor must notify the guarantor of his acceptance of the offer, or of his intention to act upon it. This doctrine appears to have been rejected by the courts of New York, and of several other States; but the authors of the American Leading Cases, whilst they apparently question, its correctness, concede, and the cases cited by them prove, that it is sustained by the decided weight of American authority. (Amer. Lead. Cases, 2 vol. pages 35 to 107.
*157 The importance of establishing a general rule concerning contracts of this character, which frequently arise between citizens of different States, furnishes a reason for following the rule adopted by the Supreme Court of the United States; and, though we are not aware that this court has heretofore expressly decided the question, it has repeatedly sanctioned the doctrine under consideration. (Kincheloe vs. Holmes, 7 B. Mon., 5; Bell & Terry vs. Kellar, 13 Ib., 381; Low & Co. vs. Beckwith, 14 Ib., 184.) Finally, it seems to us to be a just and reasonable doctrine, though, like every other general rule, it may sometimes operate with hardship. We do not mean to intimate, however, that its application in this case would so operate on the appellant; for, though his petition shows that he forebore to demand his deposits from Culver, upon the faith of the guaranty, it does not certainly appear that he would have gotten his money if he had demanded it. This, however, does not affect the merits of the legal questions involved.
The reason for this doctrine was thus stated in Douglas vs. Reynolds, (7 Pet., 113:) “A party giving a letter of guaranty has a right to know whether it is accepted, and whether the person to whom it is addressed intends to give credit on the faith of it or not. It may be most material, not only as to his responsibility, but as to his future rights and proceedings. It may regulate in a great measure his course of conduct, and his exercise of vigilance in regard to the party in whose favor it is given Especially it is important in the case of a continuing guaranty, since it may guide his judgment in recalling or suspending it.”
These reasons apply to the case before us, and we perceive no ground upon which it can be excepted from the operation of the rule founded upon them.
The fact that the guarantors, by inquiry from the person in whose favor the guaranty was given, might perhaps have learned what had passed between the guarantees and himself, has existed in many other cases, and has not been held sufficient to dispense with notice.
*158 The rule is, that a person, thus proposing to become surety for another, is not bound to inquire as to the acceptance of his proposal; the creditor who intends to hold him responsible for the debt of another must show that he had reasonable notice of such intention. This doctrine is not opposed by the decision in Lent vs. Padelford, (10 Mass., 230,) cited by appellant’s counsel. In that case the only points decided were, that, in a suit against a guarantor, the plaintiff need not aver notice to the defendant that the principal debtor has failed to perform the contract, nor a special request to the defendant to pay the money. Nor is it opposed to the decision in Kascy vs. Lane,( 1 Met. Ky. Rep., 410,) cited also by counsel for appellant; in which a surety on a warehouse man’s bond, stipulating that the principal would faithfully account for all tobacco that might be consigned to him, was held liable to a consignor, though he had not been notified of the consignment. It does not appear that the question under consideration was discussed by counsel, or considered by the court, in that case. If it had been, the court would probably have noticed several differences between that case and those in which notice has been required. (1.) That bond was not executed solely in consideration of future consignments to the principal obligor. A statute required a bond with surety to be approved by the council of Louisville, in order to secure to the principal the right to keep a tobacco warehouse. The bond was executed for that purpose; and, though it did not conform to the statute, the council, believing that it did. approved it, and, in consideration of it, authorized the principal to keep a warehouse; which was regarded as a sufficient consideration to support the obligation as a common law bond. (2.) As notice would not have been necessary if the bond had conformed to the statute, and as the surety, when he executed it, believed it did so conform, it was clear he did not expect nonce. (3 ) The consignor, finding that the principal was permitted to keep the ware-, house, had a right to act upon the assumption that a statutory bond had been executed, and therefore was not in default in failing to give notice of his consignment.
*159 The petition contains no allegation of notice to the defendants, except the general averment, “of all which the defendants had notice.” In our opinion the allegation of notice should be special, and such as would enable the court to determine, from the statements of. the petition, whether or not the notice was given as the law requires. (Lawson vs. Townes, 2 Ala. R., 373; Rapelye vs. Pardy, 3 Conn. R., 438, and cases cited.) As the petition contains no special averment of notice, there is no question before us as to the time within which notice should have been given in this case.
It follows, from what has been said, that the demurrer to the petition was properly sustained, upon the ground that it did not state facts sufficient to constitute a cause of action.
The amended petition, offered by appellant, does not substantially differ from the original petition, except that it alleges in substance that the defendants, by the terms of said guaranty, its publication, and delivery to Culver, waived notice of acceptance thereof. This being an allegation, not of any fact, but of a legal conclusion deduced by the plaintiff from facts alleged in his original petition, was not a material allegation. The motion to file the amended petition was therefore properly overruled.
The judgment is affirmed.