The opinion of the Court was drawn up by
Appleton, J.
This is an action of trespass quare clausum.
The defendant justifies his entry. His defence is, that having been defrauded, in the exchange of his horse for the note of one Lambert, by the false and fraudulent misrepresentations of the plaintiff’s agent, he had the right to rescind the contract thus made — that he exercised that right by tendering to the plaintiff the note received and demanding back his horse — that the plaintiff declining to give up the same, peaceably and without being forbidden, he entered the premises in question and took therefrom his own horse of which the plaintiff had acquired possession only by the fraud of his agent.
*504 (1.) Every entiy upon the land of another is not a trespass. It is well settled that the owner may enter upon another’s land to identify and retake things stolen. So, when they are on the land of the plaintiff by his consent or contract. Nettleton v. Sikes, 8 Met., 34. "All the old authorities say,” remarks Mr. Baron Parke, in Patrick v. Colerick, 3 Mees. & Wels., 483, "that when a party places the goods of another upon his own close, he gives to the owner of them an implied license to enter for the purpose of recaption. There are many authorities to that effect in Yiner’s Abridgement. Thus, in title, Trespass, (a), it is said, " if a man takes my goods and carries them into his own land, I may justify my entering to take my goods again; for they came there by his own act. So, if A wrongfully place goods in B’s building, B may lawfully go upon a close adjoining the building for the purpose of removing and depositing the goods thereupon for A’s use.” Pea v. Sheward, 2 Mees. & Weis., 426. Aman is never a trespasser in peaceably obtaining possession of his own property. Spencer v. McGowan, 13 Wend., 257. "If J. S. has driven the beast of J. N. into the close of J. S., or if it had been driven thereinto by a stranger and J. N. go thereinto to take it away, the action does not lie, because J. S. was the first wrongdoer.” Bacon’s Abr., Trespass E. So the owner may enter where it is the fault of the owner of the goods, and the owner of the land — as when the cattle of the defendant escaped through a defective partition fence, maintainable jointly by both parties. 1 Dane’s Abr. c. 134, § 13.
In the present case, assuming the facts as found by the jury under the instructions given, the horse was on the plaintiff’s land, not merely by his fault, but worse, by his falsehood and fraud. If the defendant might lawfully take his horse, if it had been on the plaintiff’s land by his permission, or by his fault, much more might he do it, if there, by and in consequence of his wrongdoing. If the right of rescission existed, the moment it was legally exercised, the *505 plaintiff ceased to have any title to the horse, as between him and the defendant, and the latter might peaceably enter, not being forbidden, and take his own.
(2.) The production of money as a tender is dispensed with, if the party is ready and willing to pay the sum, and is about producing it, but is prevented by the creditor declaring that he will not receive it. 2 Greenl. Ev., § 603. The question, whether an actual tender is dispensed with, is for the jury, and we must regard them as having found such to be the case. Whether the tender was of money or of a note of hand, can make no difference as to the rules which must govern.
(3.) In Stone v. Denny, 4 Met., 151, Mr. Justice Dewey says, "that to charge a party in damages for a false representation, not amounting to a warranty, it must appear that it was made with a fraudulent intent or was a wilful falsehood.” "Such fraud will be inferred, when the party makes a representation which he knows to be false, or as to which he has no information and no grounds for expressing his belief.” "So, if he positively affirms a fact as of his own knowledge, and his affirmation is false, his representation is deemed fraudulent.” It was there held the action could be maintained "when the false representation had been .intentional on the part of the vendor, or, what would be equally fraudulent in law, knowing that he was affirming as to the existence of a fact about which he was in entire igmoranee.” In Hammatt v. Emerson, 27 Maine, 308, Shepley, J., cites the case of Stone v. Denny with approbation, and says, — "when one has made a representation positively, or professing to speak as of his own knowledge, without having any knowledge on the subject, the intentional falsehood is disclosed, and the intention to deceive is also inferred.” The instructions of the presiding Judge are in accordance with these views. ' Exceptions overruled.
Tenney, C. J., Cutting, Davis and Kent, JJ., concurred.