## JACOB MORSE *vs.* JOHN S. C. KNOWLTON.

If, upon the sale of attached property on a writ, the money received was put into the hands of the creditor, who, after obtaining judgment and taking out execution, refused to pay over the same to the deputy sheriff who had the execution, so that it could be applied thereon, and the execution was returned in no part satisfied, the lien obtained by the attachment is dissolved at the expiration of thirty days; and another creditor who subsequently attached the same property, subject to the former attachment, and has obtained judgment and execution in his suit, becomes entitled thereto, and may maintain an action against the sheriff, if, upon committing the execution to him for service, the property is not found, or the avails of it applied thereon.

TORT against the sheriff of Worcester county to recover damages for the default of his deputy.

At the trial in the superior court, before *Allen,* C. J., it appeared that the plaintiff, having a demand against Griffin Lewis,

4 *

sued out a writ against him, upon which Daniel T. Thayer, a dep-
uty of the defendant, attached certain personal property of said
Lewis, subject to a prior attachment of the same on a writ in
favor of Spaulding Harvey. This property was afterwards sold
on Harvey's writ to Harvey for the sum of $246. The plaintiff
duly entered his action, and recovered judgment therein at No-
vember term 1860, and took out execution dated November 26,
1860, which, the deputy Thayer having left the Commonwealth,
was put into the hands of the defendant for service within thirty
days after the recovery of the judgment, with orders to levy it
on the property attached. The defendant committed the execu-
tion to his deputy, Benson, who called upon Harvey and de-
manded the property, and, not receiving the same, and being
unable to find other property of Lewis, returned the execution
in no part satisfied.

The defendant offered to prove that Harvey recovered judg-
ment in his action against Lewis at September term 1860, and
took out execution dated September 24, 1860, which was put
into the hands of the defendant for service within thirty days
after the recovery of the judgment, with orders to levy it on the
property attached ; and that he committed the same to said
Benson, who made demand within said thirty days of Harvey for
the property so attached, or for the proceeds thereof, which still
remained in Harvey's hands, and, the proceeds not being paid
over to him, he made return on the execution that he called on
Harvey, the judgment creditor, for directions as to the service of
the execution, whereupon Harvey acknowledged that he had in
his possession $246, being the proceeds of the sale of the prop-
erty attached on the writ, but refused to pay over the same or re-
ceipt therefor on the execution, and, having made diligent search
for other property of Lewis, and finding none, he returned the
execution in no part satisfied. The judge, however, ruled that
these facts would constitute no defence, and a verdict was re-
turned for the plaintiff, and the defendant alleged exceptions.

*P. C. Bacon,* for the defendant.

*G. F. Hoar,* (*S. A. Burgess* with him,) for the plaintiff.

CHAPMAN, J. The property attached on Spaulding Harvey's

writ having been sold, the money obtained for it should have been kept in the hands of the defendant's deputy, to be applied on the execution. An actual application of the money was all that remained to be done. *Eastman* v. *Eveleth*, 4 Met. 147. But it appears that the money had been left in the hands of Harvey, and he refused to do any act to enable the deputy who had the execution to make the application. The money not being applied, the officer returned the execution unsatisfied. The attachment was thus dissolved, and the plaintiff then became entitled to the money to be applied on his debt.

*Exceptions overruled.*