## E. F. HUMPHREY *v.* E. HOBBS.

**Pleading—Sufficiency of Petition on an Account.**

A petition alleges Plaintiff sold to Sheppard a barrel of whiskey, 42 gallons, for $3.25 per gallon, upon the faith of the written guarantee of the defendant, Humphrey, that it would be paid; and that he caused Humphrey within due 'and reasonable time to be notified that his offer as guarantor of payment had been accepted by the vendor. Held, sufficient to constitute a cause of action.

**Actions—Contract For Sale of Whiskey—Instructions.**

An instruction, "that the whiskey, sold in March, 1868 x x x and that defendant had notice during the spring of that year,"held, erroneous in that the time of notice to the guarantor was unreasonable, and indefinite.

**Guarantor—Notice of Acceptance—General Rule.**

A person proposing to become guarantor for another is not to enquire as to the acceptance of his proposal: the creditor who intends to hold him liable for the debt of another, must show that he had reasonable notice of such intention.

**Notice—Acceptance of Guarantor.**

An instruction that a guarantor had notice "during the spring of 1868," not sufficient to constitute notice to the guarantor that he would be held liable on his guarantee, in that it was too indefinite.

APPEAL FROM GALLATIN CIRCUIT COURT.

September 20, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

The facts stated in the original and first amended petition did not constitute a cause of action against appellant, and his demurrer to them should have been sustained; but after a verdict and judgment had been rendered against him, a new trial was awarded, doubtless on account of the insufficiency of appellee's pleadings, whereby the error in overruling the demurrer was cured.

Afterwards, numerous amendments were offered at different times, all of which were adjudged insufficient, except the one offered last, to which an answer was filed traversing the material allegations thereof, and a second trial having resulted unfavorably

to appellant, and his motion for a new trial having been over-ruled, he now seeks a reversal of the judgment rendered in the case, on three *principal* grounds:

First. That the court below abused a sound discretion in per-mitting so great a number of amendments to be filed, and,

Second, that appellee's petition as amended was still insufficient, and a judgment could not have been properly rendered against him in the case.

These two objections will be first considered in the order in which they are stated.

One of the prominent objects of the Civil Code is to prevent the sacrifice of meritorious causes to technical rules, and to the omissions and mistakes of attorneys; hence the adoption of various sections, and especially section 161 Civil Code, whereby it is made the duty of the court, before trial, as we understand it, to allow such amendments as may be necessary for the furtherance of justice; even though their effect be to present an entirely different cause of action from that first stated. Or one that could not have been joined with the cause of action stated in the original petition. Or to change entirely the grounds of defense. But they should be allowed on proper terms, such as would be just to the opposite party.

This question we regard as settled by this court in *Hord v. Chandler, 13 B. Mon., 403.*

The amendments complained of in this case are based on the same transaction relied upon in the original petition as the foundation of the action—they all relate to the same subject matter. Do not seem to have been offered in any vexatious spirit, but with a desire to present, in legal form, for the attainment of substantial justice, the facts of the transaction by which appellant's liability must be tested. And we cannot say from the circumstances of this case that the indulgence allowed by the court was unauthorized or improper.

Although somewhat obscured by repetitions and redundancy, still the allegations are made and can be found in the last amended petition to the effect that appellee did sell and deliver to W. W. Sheppard a barrel of whisky, containing 42 gallons, at the price of $3.25 per gallon, upon the faith of the written guarranty of appellant that the same should be paid; and that he caused him within due and reasonable time to be notified that his

offer to guarantee the payment of the price for which the whisky was sold and delivered to Sheppard had been accepted by the vendor, which seem sufficiently explicit and direct to hold appellant responsible for the contract price.

But an error, which must be fatal to the judgment, is found in the first instruction given by the court, and to which appellant excepted. It is in the following words: If the jury believe from the testimony that the barrel of whisky was sold and delivered by plaintiff to Sheppard upon the faith of the order from Humphrey in March, 1868, and that defendant had notice *during the spring of that year,* from Hobbs, or his clerk, that the whisky had been delivered in accordance with the order of guarranty, he is liable for the value thereof, in the event they further believe that the whisky has not been paid for.

In *Steadman v. Guthrie, &c., 4 Met., 147,* this court held the rule to be, that a person proposing to become guarantor for another is not bound to inquire as to the acceptance of his proposal; the creditor, who intends to hold him responsible for the debt of another must show that he had reasonable notice of such intention. By the instruction, the jury were told, in effect, a notice to appellant *any time within the spring of 1868* would be sufficient to hold him liable, which would embrace a period of sixty days, as the whisky was sold on the 31st of March, and the spring closed the 31st of May. It is not shown by the evidence what was the distance between the residences of these parties, but it does appear that the written guaranty is dated the 28th of March, and was produced to appellee on the 31st of the same month; consequently, we may assume the distance between them was not very great; besides, with the facilities of transporting communications then in the country, it does not appear that a notice given at the expiration of the time allowed in the instruction would be reasonable. The *onus* to show that reasonable notice had been given of the acceptance of the guaranty of appellant was on appellee, and such notice as is allowed by the instruction could not be considered reasonable—which must be determined by the distance the parties resided, or did business, from each other, and the facilities of communication.

Wherefore, the judgment is reversed, and the cause remanded for a new trial, and for further proceedings consistent herewith, and it is proper to suggest that as the various amended petitions

were not made necessary by any fault of appellant, appellee should pay the costs thereof.

*Landram, for appellant.*

*Major, for appellee.*