CASE 39—ORDINARY—NOVEMBER 19.

# Thompson v. Glover.

APPEAL FROM THE JEFFERSON COMMON PLEAS COURT.

1. There must be an acceptance of the offer of guaranty, and notice, express or implied, given the guarantor.
2. Where the transaction is so connected, and of such a nature as to give the guarantor this information, no specific notice is necessary.

MOSS & RODMAN FOR APPELLANTS.

1. The only cases where notice of acceptance is necessary is where there is a mere offer or proposal to guarantee.
2. As to whether this was an absolute agreement or a mere proposition to guarantee, we cite the following authorities: (Howe v. Nichols, 22 Maine, 175; Lent v. Padelford, 10 Mass., 230; Douglass v. Howland, 24 Wend., 35; Whitney v. Grant, 24 Wend., 82; Smith v. Dame, 6 Hill, 543; Wildes v. Savage, 1 Story, 22; 2 American Leading Cases, pp. 63, 79; White v. Reed, 15 Conn., 457.)

3. It is clear that if notice was necessary, the allegation in the answer cured the defect. The fault was aided by pleading over. (Stephen on Pleading, p. 147; Lou. and Port. Canal Co. v. Murphy, 9 Bush, 530; Jewell v. Mills, &c,; 3 Bush, 62; Chitty's Pleading, p. 673; 3 Wheaton, 461.)

D. W. SANDERS and G. B. EASTIN for appellee.
No brief.

JUDGE HINES delivered the opinion of the court.

T. B. Glover, of the city of Louisville, Kentucky, having shipped to appellant, in the city of New York, twenty-three hogsheads of tobacco, and desiring to draw on appellant for their full value, it was agreed between appellant, through his agents, Lewis & Bro., in the city of Louisville, and appellee, that in consideration that appellant would pay said draft, appellee would make good to appellant any loss he might sustain by reason of the tobacco failing to sell for the amount thus to be advanced. At the time of the agreement appellee executed the following paper, which was forwarded by Lewis & Bro. to appellant in New York, to-wit:

"LOUISVILLE, KY., May 26th, 1876.
"MR. S. E. THOMPSON, *New York:*

"DEAR SIR: My brother, T. B. Glover, having this day shipped to you for his account twenty-three hogsheads of tobacco marked [giving numbers], and in view of his drawing for full cost of same, I hereby agree to secure you against any loss that this shipment may make, and in the event of any loss, bind myself to pay it.

"(Signed),          THOS. H. GLOVER."

On the same day, and at the same time, T. B. Glover drew a one-day sight-draft for $1,943.22, addressed to appellant, New York, and payable to the order of appellee, which was indorsed by appellee, accepted by appellant and paid by

him at maturity.   The tobacco was sold and failed to realize the amount of the draft by $854.39, of which fact appellee was notified within ten days, and failing to pay, this action was instituted.

The only question presented by the appeal, necessary to be considered, is whether appellee was entitled to notice of acceptance of the guaranty.

It is well established that there must be an acceptance of the offer of guaranty, and a notice, express or implied, to the guarantor of such acceptance.   The reason of this rule is, that the guarantor may have an opportunity of arranging his relations with the party for whose benefit or in whose favor the guaranty is given.   The rule should not be pressed beyond this reason.   When the whole of the transaction is connected, and of such a nature as to give the guarantor this information, no specific or formal notice is necessary.   In the case under consideration the agreement to accept, made with Lewis & Bro. for appellant, was contemporaneous with the guaranty, and was the consideration therefor, and all the parties being privy to the whole transaction, no specific notice was necessary.   (Wildes v. Savage, 1 Story, 22; Bleeker v. Hyde, 3 McLean, 279; Chitty on Contracts, 744, note b[1]; Parsons on Contracts, vol. 2, page 13; Steadman v. Guthrie, 4 Met., 153; Fells on the Law of Guaranty, page 523; White v. Reed, 15 Connecticut, 463; Smith v. Donn, 6 Wendell, 543.)

The minds of all the parties met, and the contract was completed at the time of the execution and delivery to Lewis & Bro. of the writing by appellee and of the drawing of the draft.   The only notice that could have been of any benefit to appellee, and to which he was entitled, was the notice of the amount that the tobacco fell short, and the

failure of T. B. Glover to pay the same. This notice appellee received within a reasonable time. (2 Bush, 566; Bowman v. Curd.)

Judgment is reversed and cause remanded, with directions. to enter judgment for appellant.

To the petition of appellee's counsel for a rehearing—

JUDGE HINES DELIVERED THE RESPONSE OF THE COURT.

Appellee insists that this court erred in deciding this case· as if the evidence heard below was before this court, insisting that the decision should be on the pleadings and on the motion for judgment for appellee, notwithstanding the ver-- dict. We have considered the point suggested, and see no reason to alter the opinion. The petition charges an agreement, *in praesenti*, to pay the difference on the draft, whatever it might be, and an acceptance of the proposition on the part of Thompson. The language of the petition is: "The plaintiff, S. E. Thompson, says that on the 26th day· of May, 1876, he was doing business in the city of New· York, in the state of New York, as a tobacco, cotton factor, and general commission merchant; that on said day one T. B. Glover had shipped from Louisville, Kentucky, for his account to plaintiff at New York City, twenty-three hogsheads of tobacco, and said T. B. Glover desired to draw drafts upon plaintiff at New York for the full costs of said tobacco: *that it was thereupon agreed, by and between plaintiff and the defendant, Thos. H. Glover,* that if the said T. B. Glover should draw for the full cost of said tobacco, and that· plaintiff advance the said cost by paying the said draft, the defendant, Thos. H. Glover, would agree and bind himself to make good and pay any loss that might occur to plaintiff· on said twenty-three hogsheads of tobacco; that the said

Thompson v. Glover.

defendant, Thos. H. Glover, then executed and delivered to plaintiff the writing filed herewith," &c.

The first paragraph of the answer denies this agreement, and the second paragraph charges that appellant failed to give notice of the acceptance of the guarantee. Upon the issue formed by the denial mentioned, the question is raised as to whether the agreement to guarantee and the acceptance were one and the same transaction. If they were, no subsequent notice of acceptance, as stated in the opinion, was necessary, and as to whether such was the agreement can only be determined by the evidence in the case. Clearly, upon such an issue, and without evidence, appellee was not entitled to judgment upon the pleadings, unless the principle announced in the opinion is erroneous. If the proposition to guarantee and the acceptance thereof was one entire transaction, as appears from the issue indicated, there could be no judgment for appellee on the pleadings, and no judgment for him in any event, except on failure of proof to sustain the allegations of the petition, and as we have concluded, as expressed in the opinion, that the evidence sustains the allegations made in the petition, there appears no reason for granting a rehearing or for the modification of the opinion.

Whether appellant is or is not a bankrupt cannot affect the rights of appellee, and the fact that the assignee of appellant is not a party to the record cannot affect the merits of the controversy.

Petition overruled.