CASE 90—ACTION BY GREER MACHINERY COMPANY AGAINST J. L. SEARS, &c., ON A CONTRACT OF GUARANTY.—FEB. 5, 1902.

(Omitted in former reports.)

## Greer Machinery Co. v. Sears, &c.

APPEAL FROM PULASKI CIRCUIT COURT—T. Z. MORROW, CIRCUIT JUDGE.

JUDGMENT FOR DEFENDANT. PLAINTIFF APPEALS. REVERSED.

GUARANTY—NECESSITY OF NOTICE OF ACCEPTANCE—SUFFICIENCY OF NOTICE.

1. Where a written contract by a company appointing an agent to sell goods, stipulated that it was not to be binding until signed by the president of the company, one who, prior to the signing of the contract by the president executed a written

guaranty of the performance of the contract on the part of the agent, was entitled to notice of its acceptance, the guaranty being a conditional one.

2. Express notice of acceptance was not necessary, but information received by the guarantor from any source, that goods were being delivered to the agent upon the faith of the guaranty was sufficient to bind the guarantor.

W. O. MORROW AND J. O. COOK, ATTORNEYS FOR APPELLANT.

1. We concede that as a general proposition, in order to hold a guarantor bound he must be notified that his offer of guaranty has been accepted, but we submit that the case here is excepted from that rule because it is not an offer upon the part of the guarantor, but an express understanding. Here appellant made a proposal to Chandler and he accepted it. This made a complete contract as soon as signed by the president of the Greer Machinery Co.

2. Again we contend that it is taken out of the ordinary rule requiring notice of acceptance because it is made for a consideration, and the fact that the consideration is small (1.00) does not change the legal status of the parties.

AUTHORITIES CITED.

Am. & Eng. Ency. of Law (1 ed.), 78; 104 U. S., 159; 11 How., 452; 5 Bing N C., 575; A. & E., vol. 14 (2 ed.), 1141, 1145; Baker v. Warehouse Co., 90 Ky., 419; Thompson v. Glover, 78 Ky., 193; Kincheloe v. Holmes, &c., 7. B. Mon., 6; Bell v. Kelly, 13 B. M., 834; Steadman v. Guthrie, &c., 4 Metc., 157.

PAUL & PORCH AND WADDLE & SON, ATTORNEYS FOR APPELLEE.

1. Our contention is that the contract was not signed by the president of Greer Machinery Co., and the contract providing that it should not be binding until signed by the president, no contract existed between the parties.

2. No legal responsibility arose against appellee conceding the contract to have been signed by the president of appellant company unless appellant company, within a reasonable time after the acceptance of the contract, notified appellee (guarantor) of such acceptance, and not only this, it was bound to notify him of the amount of goods they had furnished to Chandler under the contract.

3. The obligation assumed by appellee was a collateral guarantee of a debt to be created and the amount of the indebtedness

at that time was uncertain and not ascertainable, and being a continuing contract the guarantor is not liable without notice of the acceptance of the contract within a reasonable time. Brandt on Suretyship and Guaranty, sec. 159; Melroy v. Quinn, 35 Am. Rep., 227.

OPINION OF THE COURT BY JUDGE BURNAM—REVERSING.

In September. 1898, the Greer Machinery Company, of Knoxville, Tenn., proposed, in writing, through its agent, to C. J. Chandler, of Somerset, Ky., to appoint him its agent to sell agricultural implements and machinery, and a fertilizer known as the "Greer Compound," at certain fixed and designated prices. The proposition was made upon a printed form used by the company, and one of the clauses used these words: "It is understood and hereby agreed that fertilizers and all other goods ordered by or shipped to you are to be consigned and remain our property until sold; and the proceeds of all sales, including notes, cash and accounts, are to be held in trust for us as our property, and subject to our order. All sales of these fertilizers and other goods are to be closed by your customers' notes, taken on forms furnished by us; and on the first day of November, 1898, you agree to forward these notes to us as collateral security for your note. To avoid any misunderstanding, this contract is signed in duplicate, and one copy retained by each contracting party, but is not binding until signed by the president of the Greer Machinery Company; and it may be terminated by him at any time." This proposition was accepted in writing by C. J. Chandler on the 9th of September, 1898; and on the same day J. L. Sears signed the following guaranty, which was appended to the written proposition made by Chandler: "In consideration of one dollar to me paid by Greer Machinery Co., the receipt of which is hereby acknowledged, and in further consideration of the constitution of the within-named agency by the Greer Machinery Com-

pany, I hereby guaranty to it the fulfillment of the within contract, and the payment of all obligations arising under the same on the part of C. J. Chandler. (Signed) J. L. SEARS." The paper was then sent to Knoxville, Tenn., for the signature of the Greer Machinery Company. Upon this contract and guaranty the company instituted this suit in the Pulaski Circuit Court on the 3d day of January, 1900; it being alleged that during the years 1898 and 1899 plaintiff had consigned to the defendant Chandler goods of the value of $681.20, on which he had turned over to the plaintiff notes amounting to $268.20; that the defendant received the goods under the contract, and had failed and refused to turn over the proceeds of the sale thereof, and asked judgments against both Chandler and Sears for $413. No defense was made by Chandler, and Sears answered in two paragraphs, denying liability. In the first paragraph he denied that the contract with Chandler had ever been signed by the president of the company, as provided in the agreement; and in the second paragraph he alleged that he had never received, and appellant had not given him, any notice of the acceptance of the contract, or consignment or delivery of the goods to Chandler for which suit was brought. A demurrer was filed to the second paragraph and overruled, and appellant replied, admitting that it had given no notice to the defendant Sears of the acceptance of the contract of the defendant Chandler, but denied that he had not received such notice, or that he had not received notice of plaintiff's having consigned to Chandler the goods set up and referred to in the petition, and avers that its acceptance of the guaranty on the part of the defendant Sears, and the consignment of the goods, were both well known and understood by him. Upon these pleadings and the following instruction of the court the case was tried: "Instruction. Gentlemen of the

jury, you will find for the defendant in this case, unless you believe from the evidence that, before the fertilizer was delivered to the defendant Chandler, the president of the Greer Machinery Company had signed the contract on file with the petition, and that notice of such signing by the said president had actually been given to the defendant Sears. Should you believe the latter state of case, you will find for the plaintiff the value of any fertilizer that may have been delivered to Chandler after the signing by the president, and the notification to Sears of the acceptance." The trial resulted in a verdict and judgment in favor of appellee, which we are asked to reverse upon this appeal.

It is claimed for the appellant that the guaranty executed by the appellee, Sears, is an unconditional promise of payment or performance on default of Chandler for a stipulated consideration, and that no notice to him of acceptance of the guaranty by the company was necessary to fix his liability, and that the instruction given to the jury, requiring specific notice, was erroneous. It is also insisted that the instruction was misleading in requiring express notice from the company to appellee. A guaranty may be either a conditional promise of payment on the default of the principal, or it may be conditioned upon some extraneous event in addition to the default. "Ordinarily, when the contract of guaranty is executed contemporaneously with, or is a part of, the consideration for the contract or transaction guarantied, notice of acceptance is not necessary. . . . But where the undertaking is simply a proposition, the acceptance of which by the guarantee constituted the mutual consent necessary to a contract, notice of acceptance is required." See 14 Am. & Eng. Enc. Law, p. 1146. The rule in this State is well stated in Steadman v. Guthrie, 61 Ky., 156, in these words: "It is a general rule that if a person offers

to pay money upon the performance of an act by another, the performance of the act by the latter, without any notice of his acceptance of the offer, or of his intention to act upon it, gives him the right to demand the money. This rule applies to the offer of a reward for the return of lost property, and to many other cases. But where the offer is to guaranty a debt for which another is primarily liable, in consideration of some act to be performed by the creditor, mere performance of the act is not sufficient to fix liability of the guarantor, but the creditor must notify the guarantor of his acceptance of the offer, or his intention to act upon it." The reason for the rule is that the guarantor may have an opportunity to arrange his relation with the party for whose benefit the guaranty is given. "Where the whole transaction is of such a nature as to give the guarantor full information as to his liability, and the agreement to accept is contemporaneous with the guaranty, and was the consideration therefor, all the parties being privy to the whole transaction, no specific notice is necessary." See Thompson v. Glover, 78 Ky., 195, 39 Am. Rep., 220. In this case the contract was not completed at the time of the execution and delivery to the Greer Machinery Company of the writing signed by appellee. It expressly stipulated that it was not to be binding until signed by their president, and it was understood by all the parties that the contract was to be sent to appellant's president for his approval or rejection; and until it was signed by him it was not a contract at all. We think this stipulation makes the guaranty of appellee a conditional one, and that he was entitled to notice of his acceptance before liability attached. "But it is not essential that the notice should be in writing, or in any particular form, or should come from the guarantee. According to the weight of authority, knowledge is equivalent to notice,

from whatever source derived, and will operate as a sufficient notice if seasonably acquired." If it be shown that the guarantor in this case received information that Chandler had been appointed agent for the appellant, and goods consigned to him upon the faith of his guaranty, this would be equivalent to actual notice, and he would be liable upon his undertaking. The instruction in this case was erroneous and misleading, in requiring the jury to believe that appellant's president had actually given formal notice of the acceptance of his guaranty. It was sufficient that information was derived of its acceptance, whether in the form of an express notice from the president of the company, or from Chandler, or from any other source, which made him aware of the fact that the goods were being delivered upon the faith of his obligation. See 14 Am. & Eng. Enc. Law, 1148, and Ford v. Harris, 100 Ky., 169, 19 R., 1236, 43 S. W., 199. We are, therefore, of the opinion that the instruction complained of was misleading, in requiring that the notice of acceptance should have been given appellee by the president of the appellant company.

For the reasons indicated, the judgment is reversed, and the cause remanded for a new trial consistent with this opinion.

Petition for rehearing by appellee overruled.