Sidney A. Fisher *vs.* Charles N. Mellen

In an action for deceit, the declaration alleged that the defendant represented that he was the owner of certain stock, and induced the plaintiff by false representations as to its value to purchase it. *Held*, that the plaintiff need not prove that the defendant was actually the owner of the stock.

In an action for false representations as to the condition of land, the plaintiff contended that the representations were false in fact and made as of the defendant's own knowledge, but did not contend that the defendant had personal knowledge of the condition of the land. *Held*, that the fact that the defendant had not such personal knowledge, but derived his information from others, was no defence to the action; and that, on the issue thus presented, evidence of such fact was immaterial.

Tort. The declaration alleged that the " defendant represented that he was the owner of one third share of the Winthrop Petroleum Mining Company," and being desirous of selling his interest in said company, contriving and intending to deceive, defraud and injure the plaintiff, falsely and fraudulently made certain specified representations as to the land and property of the company ; that the plaintiff, confiding in these representations, paid the defendant $1000 for " the said one third share " of the company ; and that said representations were false and " said one third share " of no value to the plaintiff, as the defendant well knew. The answer was a general denial.

At the trial in the superior court, before *Wilkinson,* J., the plaintiff testified that the defendant made the representations alleged ; that he asked the defendant " if he knew these things were so," and the defendant said " Yes, and he should not tell the plaintiff so, if he did not know it ; " and that he paid the defendant $1000 for one third of a share.   The defendant testified that he gave the $1000 to Daniel F. Fitz, the treasurer of the company, and received from him a voucher that the plaintiff was entitled to one third of an original share from the company, which voucher he gave to the plaintiff; and that he did not sell to the plaintiff any part of his own share in the company.   He also denied making the alleged representations.   The defendant also offered evidence tending to show that at the time he was alleged to have made the false representations he did not know, of his own knowledge, the condition and situation of the land of the company ; that he had never been to the land ; and that all the knowledge he had of it was derived from communications made to him by third persons, whose statements to him, in reference to the subject, he also offered in evidence.   The plaintiff objected, on the ground that the evidence offered was immaterial to the issue, and stated " that he claimed to recover, so far as to representations in regard to the land, only upon the ground that the defendant's representations as to the condition of the land were false in fact and that he made them as of his own knowledge ; " and the plaintiff's counsel said that " he should not claim to the jury that, as to that class of representations, the defendant had personal knowledge of the condition of the land." Thereupon the judge refused to admit the evidence.

The defendant requested the judge to instruct the jury, 1. that, " in order for the plaintiff to recover under the pleadings, he must prove, and the burden of proof was upon him affirmatively to show, that the defendant sold the plaintiff one third of the defendant's share ; " 2. that " if, upon all the evidence, the burden upon this point being on the plaintiff, the jury were not reasonably convinced that the defendant sold to the plaintiff one third part of the defendant's share, then the plaintiff could not recover ; " and 3. that " if the defendant only received the $1000

from the plaintiff to give to Fitz, the treasurer, and the defendant did give the $1000 to Fitz, and Fitz gave the plaintiff a receipt for the money, and a voucher, as the treasurer, that he was entitled to one third of an original share from the company then this action could not be maintained."

The judge declined to rule as requested in the first and second prayers; but gave the instructions asked for in the third prayer, and further instructed the jury that, "unless, from all the evidence, they were satisfied that the one third share sold was part of the defendant's share, or was so represented to be by the defendant at the time of sale, and so understood by the plaintiff, the action could not be maintained." The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*G. A. Somerby*, for the defendant.

*L. Marrett*, for the plaintiff.

WELLS, J. 1. Upon the instructions given and refused, the question raised by these exceptions is, whether it was incumbent upon the plaintiff to prove that the share of stock which he was induced to take and pay for belonged to the defendant, and was sold by him to the plaintiff. As a question upon the pleadings, this cannot be necessary in order to avoid a variance. The declaration does not allege that the defendant was the owner, but only that he represented himself to be the owner. It is equally well adapted to a sale of stock of which the defendant was the owner, or of stock which he did not own, but undertook to sell as if he were the owner of it. As a matter of substance, it is immaterial. It is not necessary that it should be alleged or proved that the defendant was the owner of property which the plaintiff was induced to buy through his fraudulent representations. The *gravamen* of the charge is, that the plaintiff has been deceived to his hurt; not that the defendant has gained an advantage. *Stone* v. *Denny*, 4 Met. 151, 163. *Tryon* v. *Whitmarsh*, 1 Met. 1. *Medbury* v. *Watson*, 6 Met. 246. *Stiles* v. *White*, 11 Met. 356. *Pasley* v. *Freeman*, 3 T. R. 51, and notes thereon in 2 Smith Lead. Cas. (6th Am. ed.) 157. Upon this declaration, it was only necessary to show that the defendant undertook to sell the share to the plaintiff. The third

instruction prayed for was given by the court, and was sufficiently favorable to the defendant upon this branch of the case.

2. The ground upon which the plaintiff sought to recover was, that the representations of the defendant in regard to the lands were false in fact, and made as of his own knowledge; the plaintiff's counsel stating "that he should not claim to the jury that, as to that class of representations, the defendant had personal knowledge of the condition of the land." This rendered the evidence that he had not such personal knowledge irrelevant. Evidence of information from others, upon the strength of which he made those representations, even if it were such as to lead him to believe in the truth of the facts which he stated, would not be a defence against such a charge as the plaintiff relied on. If, to induce the plaintiff to make the purchase, the defendant stated, as of his own knowledge, material facts susceptible of knowledge, which were false, and the plaintiff, relying upon his statements so made, was thereby induced to purchase the stock, the defendant is liable, notwithstanding proof that he was himself misinformed as to the facts. See cases above cited ; and also *Hizard* v. *Irwin*, 18 Pick. 95, and *Page* v. *Bent*, 2 Met. 371. Such evidence would not disprove the fraud, which consists in representing the statements to be true of his own knowledge.

We must presume that the instructions given to the jury were adapted to the form of the issue as it would stand upon this presentation of the plaintiff's counsel : and therefore that, in order to render a verdict against the defendant on account of his representations in regard to the land, the jury were required to find that these representations were made by him as of his own knowledge. In that aspect of the case, the exclusion of the testimony offered was proper. The point is presented as one of evidence merely, and raises no question of pleading.

*Exceptions overruled.*