## JOSEPH G. BANNISTER *vs.* JESSE F. ALDERMAN.

In an action for inducing the plaintiff to buy a promissory note by false representations as to the credit of the maker, said representations being alleged by the declaration to be known by the defendant to be untrue, the admission or exclusion of evidence offered by the defendant that he did not know that the representations were untrue, depends upon whether the question as to such knowledge has been presented to the jury by the course of the trial and the plaintiff's conduct of the case; and a ruling of the judge, whether admitting or excluding such evidence, will be presumed correct, and exceptions thereto will not be sustained, unless the bill of exceptions shows it to have been incorrect.

TORT. The declaration alleged that the defendant, to induce the plaintiff to purchase a promissory note for $2200 of the Metallic Compression Casting Company, indorsed by Jesse A. Locke, made certain specified false representations to the plaintiff as to the credit of said company and of Locke; that the plaintiff, induced by these representations, bought the note of the defendant; that the representations were false, " all which the defendant well knew; " and that the note was worthless. The answer denied the making of the representations.

At the trial in this court, before *Morton*, J., the plaintiff testified that he told the defendant, who was a note broker, that he wished to invest some money; that the defendant brought him a promissory note of the said company for $2200, dated August 1, 1870, indorsed by said Locke; that the defendant said " that he knew all about Locke, that he was worth $100,000 of his own money, that the company owned $50,000 of real estate, had paid $60,000 for its patents and did not owe a dollar, that he knew all about it, that the stockholders were individually liable for the

company's debts, that he had 75 shares of the stock, and his part-
ner had some, that the stock was going up and he would not sell,
that they had just had an order of $17,000 they could not fill,
that the business was paying 50 per cent., that he had recently
sold $7000 or $9000 of their notes without an indorser with the
stock as collateral, that those notes were not so good as this one,
that there was no trouble about this note, and that he should take
care of it;" and that the plaintiff, relying upon these representa-
tions, was induced to purchase the note.  On cross-examination,
the plaintiff testified that before this transaction he considered
the defendant good, honest and reliable; that he expressed to the
defendant that he thought the defendant meant to cheat him;
that the defendant said the note was as good as the gold in his
pocket; and that he asked the defendant to indorse the note, and
he said he could not, because he had agreed with his partner not
to indorse any paper.  The plaintiff introduced evidence tending
to show that early in August 1870 the company and Locke both
failed and subsequently went into bankruptcy; that the company
and Locke each owed between $300,000 and $400,000; and that
the assets of the company were about $7000, and those of Locke
about the same.

The defendant was a witness, and denied that he made the rep-
resentations as testified to by the plaintiff.  His counsel asked
him, "At the time you sold this note what was your opinion as
to Locke's pecuniary position and ability?"  The plaintiff ob-
jected to this question, stating that he should not claim to the
jury that the defendant knew or had reason to believe that the
company and Locke, or either of them, were insolvent at the time
the statements were made, and that he relied exclusively upon the
defendant's statement of his knowledge of their condition.  The
judge permitted the question to be put, and the witness replied
that he supposed it to be good.

The defendant also asked several witnesses "What was Locke's
pecuniary standing in the community on August 4, 1870?"  The
plaintiff objected to the question upon the same ground; but the
judge permitted the question to be put, and the witnesses an-
swered that it was fair.

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*T. H. Sweetser & W. S. Gardner*, for the plaintiff.

*G. A. Somerby*, for the defendant.

WELLS, J.   This case is like *Fisher* v. *Mellen*, 103 Mass. 503, in its substantial features.   Both are in tort, for false representation of facts susceptible of knowledge and made by the defendant as of his own knowledge.   In both the declaration, after alleging the untruth of the statements relied on, proceeds to add " all which the defendant well knew."   In both therefore the evidence offered by the defendant was within the issue as presented by the pleadings, and it did not appear that the plaintiff proposed to narrow the issue, or gave any notice that he intended to do so, until the defence was opened and entered upon.   The evidence offered was similar, and equally competent in each case.   In *Fisher* v. *Mellen* it was excluded by the judge at the trial, and the ruling was sustained by this court.   In the present case it was admitted, and we think the ruling admitting it must be sustained.

The difference results from the fact that the position of the question, as it arises in the two cases, is reversed.   It is incumbent upon the excepting party to show that the ruling was wrong as applied to his case, and that he has suffered, or was liable to suffer prejudice thereby.

In these cases, if the plaintiff proved the representations of fact to have been made by the defendant as of his own knowledge, with intent to induce the plaintiff to rely and act upon confidence in his assertions, and that the statements were untrue, it would not be necessary for him to go further and prove that the defendant knew them to be untrue when he made them.   The allegation to that effect in the declaration not being descriptive, the plaintiff might rely upon proof of such other allegations as, without this, would constitute the substantial cause of action sued for.   If he does so, and the evidence offered by him, and the conduct of the case are confined to the narrower ground of liability, all evidence of opinion of the defendant or reasonable cause of belief that the statements made by him were true, become immaterial

and irrelevant. When offered by the defendant it should be admitted or excluded according as the presentation of the case appears to involve a question of wilful purpose to deceive or otherwise. In determining this, much depends upon and must be left to the good sense and sound discretion of the judge who presides at the trial, and to his better appreciation of what passes before him. The declaration alleges that the defendant, when making the statements, well knew that they were untrue. If that charge is kept before the minds of the jury while the plaintiff is putting in his case, it would be unfair to permit him, by merely disclaiming it as constituting any part of the legal ground upon which he seeks to recover, to exclude the defendant from counteracting the effect of evidence or suggestions in that direction. When deciding, *in banc*, upon the propriety of admitting or excluding evidence offered apparently for such purpose, or which would be competent for such purpose, we are bound to presume that the judge at the trial exercised his discretion reasonably and properly in view of the course of the trial, and that instructions, adapted to the form of the real issue and the state of the evidence before them, were given to the jury. In the absence of anything to the contrary being made to appear by the bill of exceptions, the ruling of the judge at the trial, whether admitting or excluding such evidence, will be sustained; because, being competent within the issue as made by the pleadings, its admission may properly be determined by its relevancy as indicated by the course of the trial and the conduct of the case on the part of the plaintiff.

Without departing from or qualifying the principle adopted in *Fisher* v. *Mellen*, but in strict accordance therewith, we think the exceptions in this case must also be *Overruled.*