PAUL F. LITCHFIELD *vs.* NATHANIEL HUTCHINSON.

Middlesex. Jan. 13. — Feb. 1, 1875. AMES & ENDICOTT, JJ., absent.

If a person states, as of his own knowledge, material facts, which are susceptible of knowledge, to one who relies and acts upon them as true, it is no defence, if the representations are false, to an action for deceit, that the person making them believed them to be true, although the declaration alleges that the representations were false, and that the defendant made them knowing that they were false.

TORT for deceit in the sale of a horse. The declaration alleged that the defendant sold the plaintiff a horse, for which the plaintiff paid the defendant $325; that, to induce the plaintiff to buy said horse, the defendant falsely represented to the plaintiff that said horse was all right and sound every way; that the plaintiff, believing that said representation was true was thereby induced to buy, and did buy, said horse; but in truth said horse was not all right and sound every way, but was lame and sore forward, and was foundered, and was lame in the fore legs and shoulders, and was unsound, injured, and of little value, all which the defendant then well knew. Answer, a general denial.

Trial in the Superior Court, before *Aldrich*, J., who allowed a bill of exceptions in substance as follows: There was evidence tending to prove that the defendant made the representations as alleged in the declaration; that they were false and known to the defendant to be false; that the plaintiff relied on these representations, and was induced thereby to purchase the horse of the

plaintiff as alleged; and that the horse was then in fact lame and unsound. There was conflicting evidence on all these points. It appeared that the plaintiff paid the defendant $325 for the horse, and there was evidence tending to show that he was not worth, at the time of the sale, over $100. The defendant testified that he made no representations whatever, and that he had owned the horse for three or four weeks before the sale and had worked him almost every day, and did not observe any lameness or know that he was unsound.

Upon this evidence the plaintiff requested the judge to instruct the jury as follows:

"1. If the defendant made a representation of the soundness of the horse as of his own knowledge, and the jury are satisfied that he might have known by reasonable inquiry and examination whether he was sound or not, and the horse was not sound as a matter of fact, and if the plaintiff relied on such representations and was induced thereby to purchase the horse, and thereby sustained damage, the defendant is liable. 2. If the defendant represented that the horse was sound, when as a matter of fact he was unsound, and the plaintiff was by such representation induced to buy the horse, and was thereby injured, then the defendant is liable. 3. If the defendant knew the horse was unsound, and did not make such fact known to the plaintiff, but allowed him to purchase the same at a fair market price as a sound horse, then the defendant is guilty of fraud and deceit, and is liable. 4. If the defendant had no knowledge one way or the other as to the soundness of the horse, and still represented to the plaintiff that he was sound, and he was in fact unsound, that would support the allegation that he made to the plaintiff a false allegation knowingly. 5. If the defendant made the representations to the plaintiff without any knowledge, information or ground of belief, and they were in fact false, that would not differ in its legal effect from an assertion or representation known by the defendant to be false."

The judge refused to give any of these instructions, but instead thereof instructed the jury that if upon all the evidence in the case they were satisfied that the defendant made the representations set forth in the declaration, as matters of fact within his own knowledge, and they should further find upon the evi

dence that the representations in any material respect were not true, and that the defendant knew they were false, or that he did not honestly believe them to be true, and that the plaintiff, relying upon them as true, was induced to purchase the horse and pay his money therefor, and was thereby damaged, it would be their duty to return a verdict for the plaintiff. But that the action could not be maintained by merely proving that the defendant had reasonable cause to believe the representations, if any were made, were untrue; the declaration alleging that they were fraudulently made, and that the defendant knew them to be false; and therefore, to support the action, there must be proof of a false representation knowingly made; in other words, there must be a concurrence of fraudulent intent and false representation on the part of the defendant. But that in the sense of the law a false representation is knowingly made not only when the party making it knows it to be false, but also when a party, for a fraudulent purpose, states what he does not believe to be true, even though he may have no knowledge on the subject. To these instructions, and refusals to instruct, the plaintiff excepted.

Other instructions in relation to the materiality of representations, the burden of proof, and the measure of damages were given which were not objected to. The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*D. S. Richardson,* (*G. F. Richardson* with him,) for the plaintiff.

*W. S. Gardner,* for the defendant.

MORTON, J. This is an action of tort, in which the plaintiff alleges that he was induced to buy a horse of the defendant by representations made by him that the horse was sound, and that the horse was, in fact, unsound and lame, all of which the defendant well knew.

To sustain such an action it is necessary for the plaintiff to prove that the defendant made false representations, which were material, with a view to induce the plaintiff to purchase, and that the plaintiff was thereby induced to purchase. But it is not always necessary to prove that the defendant knew that the facts stated by him were false. If he states, as of his own knowledge, material facts susceptible of knowledge, which are false, it is a

fraud which renders him liable to the party who relies and acts upon the statement as true, and it is no defence that he believed the facts to be true.    The falsity and fraud consist in representing that he knows the facts to be true, of his own knowledge, when he has not such knowledge.    *Page* v. *Bent*, 2 Met. 371.    *Stone* v. *Denny*, 4 Met. 151.    *Milliken* v. *Thorndike*, 103 Mass. 382.    *Fisher* v. *Mellen*, 103 Mass. 503.

In the case at bar the plaintiff asked the court to instruct the jury " that if the defendant made a representation of the soundness of the horse, as of his own knowledge, and the jury are satisfied that he might have known by reasonable inquiry and examination whether he was sound or not, and the horse was not sound as a matter of fact, and if the plaintiff relied on such representations, and was induced thereby to purchase the horse, and thereby sustained damage, then the defendant is liable." We are of opinion that this instruction should have been given in substance.    If the defect in the horse was one which might have been known by reasonable examination, it was a matter susceptible of knowledge, and a representation by the defendant made as of his own knowledge that such defect did not exist, would, if false, be a fraud for which he would be liable to the plaintiff, if made with a view to induce him to purchase, and if relied on by him.

A false representation of this character is sufficiently set forth in the declaration to constitute a cause of action, without the further allegation that the defendant well knew the representations to be false.    It is not necessary that all the allegations should be proved if enough are proved to make out a cause of action.

The instructions given upon the subject embraced in this prayer required the plaintiff to prove, not only that the defendant made the false representations alleged, as of his own knowledge, but also, that the defendant knew that they were false, or that he did not honestly believe them to be true.    In this respect the instructions were erroneous.          *Exceptions sustained.*