## ROWELL v. CHASE.

An affirmation of actual knowledge of the existence of a fact which does not exist with intent to deceive is a fraudulent representation, for which an action will lie in behalf of one who relies thereon and is injured.

Where neither the evidence is reported, nor the ground of an exception to instructions to the jury stated, a verdict will not be set aside if upon any evidence competent to be introduced the instructions were correct.

CASE, for falsely representing certain persons to be of good credit, whereby the plaintiff was induced to trust them. Verdict for the plaintiff. The particular representations which it is claimed that the defendant made are not reported, nor is the evidence which was introduced to prove them. The jury were instructed, among other things, that to enable the plaintiff to maintain his action he "must prove that the statements made by the defendant were false; that the defendant knew them to be false or did not know them to be true [or had good reason to believe them to be false, or that he made representations which he believed to be true, but had no good reason for such belief], and that the statements were made with a fraudulent intent to deceive the plaintiff." To that part of the instructions included in brackets the defendant excepted.

*Marston & Eastman*, for the plaintiff.

*W. W. Stickney* and *Frink & Batchelder*, for the defendant.

CARPENTER, J. Whether the instructions excepted to, considered as an abstract proposition of law, were entirely accurate, we need not consider; it is enough if they were correct as applied to the evidence in the cause. *Warren* v. *Buckminister*, 24 N. H. 339, 343. Instructions to the jury must be construed together as a whole, and in connection with the evidence relative to which they are given. If the evidence in the case tended to show that the defendant made the representations as of facts within his own actual knowledge, and there was no evidence to the contrary, the instructions taken as a whole were correct. *Stone* v. *Denny*, 4 Met. 151; *Milliken* v. *Thorndike*, 103 Mass. 382; *Fisher* v. *Mellen*, 103 Mass. 503; *Litchfield* v. *Hutchinson*, 117 Mass. 195; *Moens* v. *Heyworth*, 10 M. & W. 147; *Taylor* v. *Ashton*, 11 M. &. W. 401. The fraud consists in affirming actual knowledge of that which is capable of being known, but is, in fact, not known, with an intent to deceive. It is substantially the affirmation of a fact, either known to be false or not known to be true, with fraudulent intent.

*Haycraft* v. *Creasy*, 2 East 103. There the verdict was set aside upon the ground in substance that there was no evidence of a fraudulent intent.

If the plaintiff's action did not proceed upon the ground that the defendant's statements were made as of his own actual knowledge, or if upon all the evidence it was a matter in controversy whether they were so made, or merely as a matter of belief, it was incumbent on the defendant to see that the facts were stated accordingly in his bill of exceptions. Where neither the evidence nor the ground of an exception to the instructions given to the jury is stated, a verdict will not be set aside if upon any evidence competent to be introduced in the case the instructions were correct. The court cannot presume that the evidence did not call for the instructions given, nor that it was of such a character as to make them erroneous.

*Judgment on the verdict.*

SMITH, J., did not sit: the others concurred.