CLARENCE F. JEWETT & another *vs.* CHARLES L. CARTER.

Essex. Nov. 4, 1880; Jan. 30. — March 3, 1882. C. ALLEN, J., absent.

In an action upon an agreement to accept and pay for a copy of a book when published, the defence to which is false representations, evidence is admissible, for the purpose of showing what the book was to be, that the plaintiff's agent, in order to induce the defendant to sign the agreement, made the representations relied upon, that those representations were false and known by the plaintiff to be so, and that the defendant was thereby induced to subscribe for the book.

A person is not bound by a contract which he is induced to sign by representations of an agent, made, while acting within the scope of his agency, as true of his own knowledge, but which prove to be false, although not known by the agent to be so; and the principal is bound by such representations, although he does not expressly authorize them, or know that the agent is to make them.

CONTRACT for the price of a book called "History of Essex County." The answer set up that the defendant's agreement to accept and pay for the book was obtained by certain false representations. Trial in the Superior Court, before *Aldrich,* J., who allowed a bill of exceptions, in substance as follows:

Before the publication of the history, and in contemplation thereof, the plaintiffs employed one Ryanson as their agent to

obtain subscriptions for the work. This agent of the plaintiffs called on the defendant and exhibited to him an agreement and statement of the plaintiffs prefixed to it, and stating the objects of the work and what it would contain.

In addition to said general statement of what the contemplated history was to contain, the defendant, against the plaintiffs' objection, was allowed to introduce oral evidence, tending to prove that said agent, before the defendant signed said agreement and for the purpose of inducing him to sign the same, made the representations set forth in the defendant's answer; that those representations were false and known by the plaintiffs to be so; and that the defendant was induced thereby to subscribe for the book.

The plaintiffs requested the judge to rule " that the words 'History of Essex County,' having a well-defined, precise and unambiguous meaning, parol evidence to show in what sense the words were understood by the parties is not admissible." But the judge admitted the evidence objected to, for the purpose of showing what the plaintiffs' proposed History of Essex County. was to be.

The plaintiffs also requested the judge to rule as follows: " 1. In order to relieve the defendant from the obligation of accepting and paying for the book on the ground of fraudulent statements made to him by the plaintiffs' agent, it must appear that the statements were not only false in fact, but were known by the agent to be false, and it was not enough that the agent had reasonable cause to believe that the statements made by him were untrue.  2. If the statements made by the plaintiffs' agent were false in fact, and were known by the plaintiffs to be false, yet, if the agent did not know them to be false, there is no ground to justify the defendant's refusal to accept the book, in the absence of authority to the agent from the plaintiffs to make such false statements."

The judge declined to rule as requested, but instructed the jury that the plaintiffs would be responsible only for the acts and representations of their agent made and performed within the scope of his agency, explaining in this connection, so far as was necessary for the purposes of this case, the law of principal and agent; and further instructed the jury, that if the

plaintiffs' agent, acting within the scope of his agency, and for the purpose of inducing the defendant to subscribe for the book, made, as true and as of his own knowledge, the representations set forth in the defendant's answer, and the defendant was thereby induced to subscribe for and agree to take the book, and it should appear upon the evidence that the representations were false in fact, the defendant would be justified in refusing to accept and pay for the book, although it should also appear that the agent when making the representations did not know that they were false.

The jury returned a verdict for the defendant; and the plaintiffs alleged exceptions to the admission of the evidence objected to.

The case was argued at the bar in November 1880, and was afterwards submitted on briefs.

*E. N. Hill & W. H. Moody,* for the plaintiffs.

*J. P. Jones & B. B. Jones,* for the defendant.

W. ALLEN, J. The evidence objected to was admitted to show false representations. We do not understand that it was admitted or used to affect the meaning of the contract, but to show by what representations, as to what their " History of Essex County " was to be, the defendant was induced to sign the contract. It was clearly admissible for this purpose, and we have no occasion to consider whether it would have been competent upon the question whether the book conformed to the contract.

The jury must have found, under instructions not excepted to, that the defendant was induced to sign the contract by the false representations of the plaintiffs' agent, made while acting within the scope of his agency, and that those representations, while not known to the agent to be false, were made by him as true of his own knowledge. This was sufficient to establish the defence relied on.

The further instructions asked were properly refused. It was not necessary that the agent should have known that the statements were false, if they were of matters of fact, and made as of positive knowledge. *Hazard* v. *Irwin,* 18 Pick. 95, 104. *Milliken* v. *Thorndike,* 103 Mass. 382. *Litchfield* v. *Hutchinson,* 117 Mass. 195.

If the agent, acting within the scope of his authority, represented that he knew facts to be true which were not true, but which he did not know to be false, it is immaterial whether or not the plaintiffs knew that he was to make the representations, or expressly authorized them. Such representations are fraudulent in the agent, and the principal is bound by them. Story on Agency, §§ 134, 135, 452. *Locke* v. *Stearns*, 1 Met. 560. *Kibbe* v. *Hamilton Ins. Co.* 11 Gray, 163.

*Exceptions overruled.*