ALVIN H. WHITING *vs.* EDWARD R. PRICE & another.

Bristol.   October 25, 1897. — November 24, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Sale of a Bond — False Representations — Pleading.*

In an action for false representations, the declaration alleged that the defendant sold to the plaintiff a certain bond purporting to be a first mortgage bond of the J. Company, and to induce the plaintiff to buy "falsely represented to him that said bond was good, of full value, a good investment, and secured by the machinery and real estate of the J. Company and of other companies of the value of half a million dollars," and that, believing the representations to be true, the plaintiff purchased the bond, "and said bond was not good, of full value, a good investment, nor was it secured by the machinery and real estate of the value of half a million dollars of the J. Company, or of any other companies, all of which said defendant then knew ; . . . said bond was and is of little or no value." The plaintiff did not contend that the representations were intentionally fraudulent, and, on the ground that they were mere matters of opinion, the judge directed a verdict for the defendant. *Held,* that the allegations were actionable.

TORT, for false representations.   The declaration alleged that the defendants sold to the plaintiff " a bond purporting to be a first mortgage bond, duly issued by the Jacksonville Electric Light Company, County of Duval, State of Florida, said bond being for the sum of one thousand dollars and interest, and being numbered ten; and to induce said plaintiff to buy, the said defendants falsely represented to him that said bond was good, of full value, a good investment, and secured by the machinery and real estate of the Jacksonville Electric Light Company, and of other companies, of the value of half a million dollars.   And said plaintiff, believing that said representations were true, was thereby induced to purchase, and did purchase said bond, and paid therefor to the defendants the sum of one thousand and two dollars and seventy-two cents.   And said bond was not good, of full value, a good investment, nor was it secured by the machinery and real estate of the value of half a million dollars of the Jacksonville Electric Light Company, or of any other companies, all of which said defendants then knew, said facts being within their means of knowledge ; that said bond was and is of little or no value."

At the trial in the Superior Court, before *Bishop*, J., the plaintiff did not contend that the representations were intentionally fraudulent, and the defendants asked the judge to rule that the declaration would not support a verdict for the plaintiff, on the ground that the representations set out were matters of opinion. The judge so ruled, and directed a verdict for the defendants. The plaintiff alleged exceptions.

*G. A. Perkins*, for the plaintiff.

*W. H. Pond*, for the defendants.

HOLMES, J. The representation that the bond was secured by the machinery and real estate of the Jacksonville Electric Light Company and of other companies of the value of half a million dollars, if fraudulent, went beyond the latitude allowed to sellers by the latest decisions of this court. *Kilgore* v. *Bruce*, 166 Mass. 136. *Andrews* v. *Jackson*, 168 Mass. 266. Naming the company and going into particulars as it did, the statement could not be excused as one of those generalities which, whether true or not, are to be expected from a man who wants to sell his goods. *Homer* v. *Perkins*, 124 Mass. 431, 433. *Roberts* v. *French*, 153 Mass. 60, 63. *Way* v. *Ryther*, 165 Mass. 226, 229. It is alleged that the representation was false, and that the defendants knew it to be false. If so, it was fraudulent, even if not made for purposes of gain, and being made at a time when it was plain that it tended to induce the plaintiff to make a bargain different from the one which he thought he was making, if, as alleged, it had that effect, it was actionable. See *Stone* v. *Denny*, 4 Met. 151, 161; *Fisher* v. *Mellen*, 103 Mass. 503; *Litchfield* v. *Hutchinson*, 117 Mass. 195; *O'Donnell* v. *Clinton*, 145 Mass. 461, 462, and cases cited; *Holst* v. *Stewart*, 154 Mass. 445, 446; *Railton* v. *Mathews*, 10 Cl. & F. 934, 941, 944.

According to the bill of exceptions the ruling of the court was upon the declaration, and, this being so, the statement that the plaintiff did not contend that the representations were intentionally fraudulent cannot be taken to mean more than that he disclaimed a corrupt intent, which, as we have said, is not necessary to the cause of action, however improbable it may be that such representations, if known to be false, should be made with any intent except to bring about the sale. It was said at the argument that the case had been opened to the jury before the

ruling.   Probably the disclaimer had reference to the evidence rather than to the pleading, and the judge may have been thinking of the opening rather than of the declaration when he ruled.

There is a negative pregnant in the declaration which would have to be considered seriously if we were not satisfied that nothing turned on it in this case.   We mention it because it has become an every-day fault in Massachusetts pleading to give the negative the same particularity as the averment.   Here the negative is that the bond was not secured by the machinery and real estate of the value of half a million dollars of the Jackson Electric Light Company, or of any other companies.   This is consistent with the security's having existed to the value of four hundred thousand nine hundred and ninety-nine dollars. Gould, Pl. (4th ed.) c. vi. §§ 30, 32.   But we assume that the declaration was intended and taken to deny the existence of any security of the kind alleged.   It is unnecessary to consider whether insufficiency in the declaration justifies directing a verdict.                                            *Exceptions sustained.*