GEORGE A. PIERCE *vs.* CHARLES J. COLE.

Kennebec. Opinion December 23, 1912.

*Advertisement. Deceit. Exceptions. Evidence. Fraud. Intention. Immateriality. Inducement. Instruction. Intention. Material Fact. Opinion. Personal Property.*

In this action for deceit in the sale of a farm, the plaintiff alleged that the defendant misrepresented the amount of hay which had been cut upon the farm in years past.

1. If one person makes a statement of a positive fact, which is material, the truth of which can be ascertained as of his own knowledge, and that statement is untrue, and if he made the statement for the purpose of inducing another party to act upon it, and the other party relying upon the statement, without knowledge of its falsity on his own part, acts thereon to his damage, it is such a misrepresentation as will sustain an action of deceit.

2. In an action for deceit it is not necessary that the false statements complained of should have been made with a fraudulent purpose and with intention to cheat or defraud. Good faith in making the statement is immaterial.

3. The admission of inadmissible evidence which is harmless will not support an exception.

On motion and exceptions by the defendant. Exceptions sustained. Motion not considered.

This is an action of deceit in the sale of a farm in 1907. It is alleged by plaintiff that the defendant represented that the farm for several years then last past had produced and cut thirty tons of hay in each year, which representation, he alleged, was untrue. The plaintiff testified that the defendant said that the farm "was cutting thirty tons of hay," and showed him the hay in the barn cut in 1907, and said it was all that year's hay. Plea, general issue with brief statement in which defendant says: that in making the representation that said farm would cut thirty tons of hay, he so believed and had good reasons to so believe that his statements were true; that any statement made by the defendant of the amount

of hay that the farm would cut was based upon facts and made in good faith by the defendant which facts the plaintiff had an opportunity to investigate and verify, and that in all respects in the sale of said farm to the plaintiff, the defendant acted in good faith, without intention of deceiving or defrauding the plaintiff. Verdict for plaintiff for $488.56 The defendant excepted to the admission of certain evidence and filed a general motion for a new trial.

The case is stated in the opinion.

*Williamson, Burleigh & McLean,* for plaintiff.

*George W. Heselton,* for defendant.

SITTING: SAVAGE, BIRD, HALEY, HANSON, JJ.

SAVAGE, J. Action for deceit in the sale of a farm in 1907. The particular misrepresentation alleged is "that said farm for several years then last past had produced and cut thirty tons of hay in each year," which representation it is alleged was untrue. The plaintiff testified that the defendant said that the farm "was cutting thirty tons of hay;" and particularly of that year, 1907. "He showed me the hay in the barn there, and told me there was thirty tons; he said it was all that year's hay."

The defendant denies making any representation about the quantity of hay cut, except that, at the interviews in the barn, being asked by the plaintiff how much hay he thought there was in the barn, he replied, "I don't know. You must judge for yourself. I think there is about thirty tons." He does not deny that he said the hay in the barn was cut that year. In fact it is his claim that the farm did cut substantially thirty tons of hay that year, and had done so for the preceding years; or if not, that he had reason to believe, and did believe so, that whatever representations he made, he made in good faith, and without an intention to deceive. The verdict being for the plaintiff, the case comes up on the defendant's exceptions and motion for a new trial.

Several of the exceptions relate to one subject matter, and may be considered together. To the question, "Were all the representations you made to the plaintiff made in good faith?" the answer was excluded on the ground that it was immaterial. The presiding justice declined to instruct the jury, as requested by the defendant,

that the plaintiff, to prove his case, must show "that the defendant intentionally made false representations of the amount of hay cut on his farm; that the defendant knew that the representations regarding the hay were false, or so recklessly made them as a fact, without regard to their truth or falsity, when he was able to ascertain their truth or falsity; that if the statements which the defendant made regarding the hay were based upon honest beliefs that they were true, and not recklessly made by him as a fact when the truth could have been ascertained, and he did not in making these statements intend to deceive, the action cannot be maintained; so, if the defendant did not know that the statements were false, or did not recklessly state a larger amount when he could readily have ascertained the actual amount, but gave the plaintiff his best judgment without intent to deceive; so, also, unless the plaintiff shows that there was an intent on the part of the defendant to deceive the plaintiff concerning some material fact, by representation made with a knowledge of the falsity of this fact, or made recklessly without regard to the truth or falsity of the fact."

The presiding Justice instead of giving the jury the requested instructions, instructed them as follows:—"If one person makes a statement of a positive fact, the truth of which can be ascertained, as of his own knowledge, and that statement is untrue, and he has made that statement for the purpose of inducing another party to act upon it, and the other party relying upon the statement, being induced by the statement, and without knowledge of its falsity on his own part, does act upon such statement to his damage, then such statement is such a misrepresentation as will sustain an action of deceit, . . . and it is not necessary that the false statement should be made with a fraudulent purpose and with intention on his part to cheat or defraud." This statement omits to say that the representation must be concerning a material fact, and that it must be the representation of a fact, and not the expression of an opinion, but these are covered elsewhere in the charge.

The defendant urgently contends that the requests do, and that the charge does not, correctly state the fundamental requisites of proof in an action of deceit. We must hold otherwise. The law in this State has been stated, affirmed and reaffirmed, several times of late, and must now be regarded as settled. The full rule of proof,

as was said in *Hotchkiss* v. *Coal & Iron Co.*, 108 Maine, 34, 41, is that the plaintiff must show that the representations were intentionally made with the intent that he should act upon them, or in such manner as would naturally induce him to act upon them; that they were false, and were known to the defendant to be false, or being of matters susceptible of knowledge, were made as of a fact of his own knowledge; that they were expressions of past or existing facts, and not expressions of opinion; that they were material; and that he relied upon them, was deceived, was thereby induced to act, and was thereby damaged. *Braley* v. *Powers,* 92 Maine, 203; *Atlas Shoe Co.* v. *Bechard,* 102 Maine, 353; *Eastern Trust & Banking Company* v. *Cunningham,* 103 Maine, 455. See also *Litchfield* v. *Hutchinson,* 117 Mass., 195. In the latter case the court said:— "If he states, as of his own knowledge, material facts susceptible of knowledge, which are false, it is a fraud which renders him liable to the party who relies and acts upon the statement as true, and it is no defense that he believed the facts to be true. The falsity and fraud consist in representing that he knows the facts to be true, of his own knowledge, when he has no such knowledge." Therein is the deceit.

It is true that the defendant in his requests states conditions which are themselves evidence of deceit, but he omits the more comprehensive condition, correctly given in the charge, of representations of matters susceptible of knowledge, made as of a fact of the defendant's own knowledge, and shown to be untrue. The defendant can take nothing by these exceptions.

In 1905, the defendant had his farm listed for sale in a "Farm Agency," the one by whose means the sale was ultimately effected. At that time, upon a blank prepared for that purpose, to the question "How many tons of hay are cut?" he answered, "thirty." The agent prepared an advertisement of the farm, in which he used the expression "Thirty tons of good English hay cut in smooth fields." It is not shown that the defendant had anything to do with the preparation or phrasing of the advertisement, and it never came to the attention of the plaintiff until after he had bought the farm. The agent who prepared the advertisement was called by the defendant as a witness. On cross examination he was asked with reference to the advertisement.—"Can you tell or recollect why

there was any reason for putting it just that way, "thirty tons of good English hay cut from smooth fields," instead of saying "cuts good English hay?"    Against the objection of the defendant the witness was permitted to answer, "We have to make a little variety in advertizing.    Can't use the same language in our advertisements."

Inasmuch as it appears that the advertisement had nothing to do with the trade, and does not appear that the defendant personally had anything to do with the expression in the advertisement, the evidence was immaterial for all purposes except to impeach the witness.    And as to that, it did not contradict anything that the witness had testified to, nor, so far as we can see, impeach him otherwise.    We think the evidence was not admissible, but we also think that it was harmless.    And for that reason the exception must be overruled.    *Hovey* v. *Hobson,* 55 Maine, 256; *Powers* v. *Mitchell,* 77 Maine, 361.

Besides the farm, the plaintiff purchased of the defendant live stock, farming machinery, implements and tools, of which a list was attached to the contract of sale of the farm.    The price of the farm was $3200; of the personal property, $900.    The plaintiff testified that after the trade he had some talk with the defendant about a shortage of the small tools.    He then testified in answer to questions as follows:—Q.  "In connection with that talk did he make any general statement to you about the whole transaction?"    A. "Yes sir."    Q.  "What did he say to you?"    A. "I asked him what represented the "twenty" on my list.    He says plows, cultivators, bars, rollers—" (witness interrupted)  Q.  "Did he make any statement to you?"    A.  "Yes sir."    Q.  "About this whole transaction, selling the farm and everything?"    A.  "Yes sir."    Q.  "What was it?"    A.  "I asked him and he said it represented (objection, as not responsive) the roller.    I said, 'Mr. Cole, that roller is not on the list.'    He said 'That is your roller,' and I says 'Very well, that is your idea.'    He said 'The trap was not set for you, it was set for the other fellow.'"    The admissibility of this statement being challenged, the presiding Justice ruled that it was admissible, allowed it to stand, and allowed an exception.    The defendant denies having made the statement.

The previous testimony of the witness, in response to leading questions, that the statement related to "the whole transaction, selling the farm and everything, obviously made it impossible to object successfully to the statement until after the witness had stated it.

Then the point was made that it did not relate to the farm. Plaintiff's counsel contended that that was for the jury to decide, and the presiding Justice so ruled.

But we think that the entire conversation not only did not show that the statement objected to related to "selling the farm," but it showed clearly that it did not relate to "selling the farm." If true, it did not show that the defendant had a purpose of cheating the plaintiff in regard to the hay. Regarded as an admission, it was an admission only of a trap set for some other "fellow," but not for the defendant. And that too, as the context shows, concerning something else than the sale of the farm. Giving it the utmost probative force that can be claimed for it, it showed that in a specific instance, the defendant "set a trap" for another person, and, it may be inferred, a dishonest trap. The statement may have been some evidence of character. But evidence of character is not admissible in a civil action of this kind. And when evidence of character is admissible, it is to be shown by general reputation, and not by specific acts. 1 Greenleaf on Evidence, sect. 55; 2 Greenleaf on Evidence, sect. 269; 1 Wigmore on Evidence, sect. 64; *Potter* v. *Webb*, 6 Maine, 14; *Thayer* v. *Boyer*, 30 Maine, 475. Nor is the evidence any more admissible because it comes in the form of an admission than it would be otherwise. It may be noticed that when, later in the trial, the plaintiff offered to show the same statement by another witness, the presiding Justice, having had further opportunity to consider it, said, "I do not think it was quite connected the way it was put in before," and excluded the evidence.

We think the evidence was inadmissible. It should have been excluded, or if it was let in through a misunderstanding of its scope, it should have been stricken from the record, and the jury instructed to disregard it, which was not done. The evidence was not only inadmissible, but it was calculated to be mischievous, and extremely prejudicial to the defendant. This exception must be sustained. The remaining exceptions and the motion for a new trial need not be considered.

*Exceptions sustained.*