## Larue v. Barbee.

(Decided May 23, 1919.)

### Appeal from Simpson Circuit Court.

1. Vendor and Purchaser—Representations, When Actionable.—For the purpose of inducing plaintiff to accept the assignment "without recourse" of two notes for $300 each, as part payment for a tract of land, and to waive his vendor's lien thereon, defendant represented that a $1,000 bond, by which the notes were secured, was worth par. The bond was issued by a corporation in a distant town and secured by a second lien on property there. Plaintiff had no knowledge of the value of the bond, and no ready means of ascertaining its value, and informed defendant that

he relied upon his statement as to the value of the bond: Held, that the parties thus made the value of the collateral security a controlling element of the bargain, and that the statement, that the security was worth par, was not a mere expression of opinion, but was a statement of fact made for the purpose of inducing plaintiff to act, and if false and fraudulent, afforded a sufficient ground for an action for deceit.

2. Vendor and Purchaser—Action for Deceit—Question for Jury.—Where in an action for deceit there was evidence that the defendant, for the purpose of inducing plaintiff to accept the assignment "without recourse" of two notes for $300.00 each, as part payment for land, falsely and fraudulently represented that the notes were secured by a bond worth par, the defendant was not entitled to a peremptory instruction.

3. Appeal and Error—Damages—Instructions.—Where in an action for deceit based on the claim that defendant, for the purpose of inducing plaintiff to accept the assignment "without recourse" of two notes for $300.00 each, as part payment for a tract of land, falsely and fraudulently represented that a $1,000.00 bond by which the notes were secured was worth par, and the only proof of the worthlessness of the notes was the fact that the makers were insolvent, it was prejudicial error not to give an instruction on the measure of damages.

4. Damages—Action for Deceit—Instructions.—In an action for deceit based on the claim that defendant, for the purpose of inducing plaintiff to accept the assignment "without recourse" of two notes for $300.00 each, as part payment for land purchased by defendant, falsely and fraudulently represented that a $1,000.00 bond by which the notes were secured was worth par, the measure of damages, if the evidence as to the value of the notes at the time of their assignment was conflicting, is the difference between their value at that time and what their value would have been, if the bond by which they were secured was worth $1,000.00; but if the evidence that the notes were worthless was uncontradicted, then the measure of damages is the face value of the notes, since they would have had that value, had the value of the bond been as represented.

SIMS, RODES & SIMS for appellant.

G. W. ROARK, WHITESIDES & BRADSHAW for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

In the month of March, 1916, J. Will Barbee sold and conveyed to John F. Larue a small tract of land in Simpson county. The consideration was the assumption of a mortgage lien for $1,000.00, a note for $100.00 due July 1, 1916, and the assignment "without recourse" of two

notes for $300.00 each, executed by Briggs & Wynne to J. G. Weill, and assigned by Weill to Larue, and secured by a bond for $1,000.00 issued by the Park Theatre Company, which bond was secured by a second mortgage lien on the property of that company, located in the city of Henderson. The prior mortgage lien on the Park Theatre property amounted to $12,500.00 and interest. Shortly after the transaction between Barbee and Larue suit was brought to enforce the first mortgage lien, and upon a sale of the property the proceeds were not sufficient to pay anything on the second mortgage bond.

This suit was brought by Barbee against Larue to recover damages for fraud and deceit. The allegations of the petition are in substance as follows: In making the trade, plaintiff stated that he knew nothing about the value and condition of the Park Theatre Company's property, and nothing about the financial condition of the company or the value of the bond, and was unwilling to accept the notes endorsed "without recourse" and waive his vendor's lien. Whereupon the defendant, for the purpose of inducing plaintiff to accept the two notes endorsed "without recourse" and to waive his lien on said land, falsely and fraudulently represented to plaintiff that he knew the condition and value of the property of the Park Theatre Company; that he knew that the bond was a good investment and worth on the market its full face value of $1,000.00; that the two notes and the interest thereon were well secured by the bond as collateral; that the Park Theatre property cost $36,000.00 and was then in good repair and condition; that the first lien on the property was only $12,500.00; that $1,000.00 had been paid the first of the year, and that all interest had been paid up, and that there were only six of the second mortgage bonds of $1,000.00 each.

Relying upon the truth of these representations, plaintiff agreed to accept the notes in question "without recourse," and agreed to waive his vendor's lien. At the time of the transaction the prior lien amounted to $14,574.49, and the interest thereon had not been paid the first of the year. Had he known the true condition of the Park Theatre property and the value of the bond, he would not have accepted the notes or waived his vendor's lien. After denying the allegations of the petition, defendant pleaded in substance that plaintiff, in accepting the two notes "without recourse," relied solely on his

own personal knowledge of the solvency of Briggs & Wynne and did not rely upon the value of the $1,000.00 bond, or the solvency of the Park Theatre Company.

Plaintiff testified substantially to the facts alleged in his petition and stated that defendant said that it was not necessary to sign the notes "with recourse," as the bond was worth par value and the theatre cost $36,000.00, and the first mortgage lien was only $12,500.00 and the interest on the mortgage debt had been paid up to the first of the year and the company was paying six per cent. Thereupon plaintiff told defendant that he knew nothing about the bond and was going to take his word of honor. If defendant had not assured him that the bond was good, plaintiff would not have made the trade. On the other hand, defendant denied making any of the foregoing statements to plaintiff. He merely stated to plaintiff that, from information he had received from Henderson, he thought the bond was good. Thereupon plaintiff said that it did not matter about the bond, that Briggs & Wynne were good to him for $600.00. It further appears that some time prior to this transaction defendant had received a letter from a banker at Henderson, in which he expressed a favorable opinion of the bond, but that shortly before the transaction defendant had received a letter from Weill, who had sold the bond to Briggs & Wynne, stating that the man who had rented the theatre was behind in his rent and that the insurance had not been paid, and expressing some anxiety in regard to the bonds.

The court instructed the jury in substance that if they believed from the evidence that the defendant falsely and fraudulently represented to plaintiff that the bond for $1,000.00 was good and worth $1,000.00, and that the plaintiff relied on said statement, and that if they further believed that said bond was worthless and of no value, they should find for plaintiff; but unless they so believed they should find for the defendant.

The jury found for plaintiff the amount claimed in the petition, whereupon judgment was rendered for $600.00 with interest from January 1, 1916, until paid, and the cost of the action. From that judgment defendant appeals.

It is insisted for the defendant that the facts of this case bring it within the general rule that false representations as to the value of an article sold are mere expres-

sions of opinion, and afford no ground for an action for deceit. In our opinion, this rule does not apply if plaintiff's evidence be true. According to his statement, the defendant represented that the bond, by which the two notes were secured, was worth par. The representation was not as to the value of the article sold, but as to the value of the collateral security. The bond itself was issued by a corporation doing business in a city over a hundred miles distant and was secured by a second lien on property in that city. Plaintiff had no knowledge of its value and no ready means of ascertaining its value. On the other hand, defendant assumed to know its value and the representation was made for the purpose of inducing plaintiff to accept the notes "without recourse" and to waive his vendor's lien. Plaintiff not only accepted the notes upon the faith of this statement, but assured defendant that such was the case. Thus the worth of the collateral security was made a controlling element of the bargain. If such be the case, the representation that the collateral security was worth par was not, nor was it intended as, mere expression of opinion but was a statement of fact made for the purpose of inducing plaintiff to act, and if false and fraudulent, afforded a sufficient ground for an action for deceit. Such was the ruling of the Supreme Judicial Court of Massachusetts in Whiting v. Price, 169 Mass. 576, 61 A. S. R. 307, where it was held that a representation of a vendor of a bond, that it was secured by machinery and real estate of the value of $500,000, cannot be regarded or excused as one of those generalities which, whether true of not, are to be expected from one who wishes to sell his goods, and if the representation is fraudulent and induces the plaintiff to make a bargain different from the one which he thought he was making, it is actionable. Since there was evidence that defendant falsely and fraudulently represented that the bond was worth par, it is clear that the defendant was not entitled to a peremptory instruction.

The court did not give any measure of damages but merely told the jury in a certain event to find for plaintiff. Such an instruction would not have been prejudicial had it appeared not only that the bond was worthless, but that the two notes were also worthless.

The only proof as to the worthlessness of the notes was a statement of both Briggs & Wynne that they were insolvent. A party may be insolvent and yet be able to

pay ninety-five cents on the dollar. Hence, mere proof of the insolvency of the makers of the notes was not proof of the worthlessness of the notes. With the proof in this condition, it was error not to give an instruction on the measure of damages. On another trial the evidence should be directed to the value of the notes at the time of their assignment. If the evidence as to their value is conflicting, the measure of damages, in case the jury finds for plaintiff, will be the difference between their value at the time of the assignment and what their value would have been if the bond by which they were secured was worth $1,000.00. However, if it be shown by uncontradicted evidence that the notes, at the time of their assignment, were worthless, then plaintiff, in the event of a favorable verdict, will be entitled to recover the face value of the notes and interest, since they would have had that value had the bond been worth the amount represented by the defendant.

Complaint is made of the admission of certain evidence, but as it was admitted without objection or exception, the propriety of the court's action cannot be reviewed.

Judgment reversed and cause remanded for a new trial consistent with this opinion.