### Barringer, et al. v. Allison, et al.

(Decided April 20, 1923.)

### Appeal from Campbell Circuit Court.

Cancellation of Instruments—Petition for Cancellation for Misrepresentation as to Value of Collateral Security Held Sufficient.—A petition, alleging that defendants, in part payment for land conveyed them by plaintiffs, transferred a note secured by vendor's lien on other property which they represented was worth more than $1,000.00, whereas in fact it was not worth $250.00, that except for the representations plaintiffs would not have accepted the note as part payment nor sold their property, held sufficient to

state a cause of action for cancellation of the deed if necessary, since a misrepresentation of the value of collateral security is a misstatement of fact and not a mere expression of opinion.

WM. U. WARREN for appellants.

C. T. BAKER for appellees.

OPINION OF THE COURT BY JUDGE MOORMAN—Reversing.

The sufficiency of a petition in equity, seeking the cancellation of a deed of conveyance or the alternative relief of an adjudged lien on the property conveyed, is the question presented on this appeal.

The material averments of the petition are that plaintiffs sold to William T. Allison and Lizzie Allison a house and lot for $2,500.00, in part payment of which the vendees assigned to the plaintiffs a note of $450.00, secured by a lien on a farm in Lewis county, due three years thereafter; that the vendees represented to plaintiffs that the note was "as good as gold" and was secured by a first lien on a farm, on which there was a four room cottage, and that the farm without the cottage was worth at least $1,000.00, when in fact the maker of the note was insolvent and the farm was not, at the time, worth as much as $250.00; and, except for the representations as to the value of the farm, plaintiffs would not have sold the house and lot nor accepted the note in part payment therefor. The petition also avers that the vendees, after acquiring a deed to the property, conveyed it to their daughter, Ruth Allison Lovell, but it alleges that she took the title for the purpose of defeating plaintiffs' claim and with knowledge of the misrepresentations made to plaintiffs when they sold the property, and of their equity in it. It further shows that the vendees had placed a mortgage on the property for $2,000.00, which amount they had paid to plaintiffs and which the plaintiffs were able, ready and willing to repay the mortgagee. Ruth Allison Lovell and the holder of the mortgage were made parties defendant. The petition was dismissed on demurrer, resulting in this appeal.

Counsel for appellees ask an affirmance of the judgment on the theory that fraud cannot be predicated on mere expressions of opinion, and that actionable representation must relate to past or existing facts and does not consist of broken promises, unfilled predictions, or

erroneous conjectures as to future events. Among the authorities cited in support of this contention are Adkins v. Stewart, 159 Ky. 218; Bartley v. Big Branch Coal Co., 160 Ky. 123; and Baker v. McDonald, 185 Ky. 470.

Appellants contend that the rule announced in the decisions just referred to has no application to this case, since the representations complained of were not expressions of opinion as to value, but statements of fact which were untrue and upon which they relied in making the sale.

In Larue v. Barbee, 184 Ky. 354, the vendee, for the purpose of inducing the vendor to accept an assignment without recourse of two notes for $300.00 each as part payment for a tract of land, represented to the vendor that a thousand dollar bond by which the notes were secured was worth par, and it was held that the representation as to the value of the collateral security was a controlling element of the bargain, and was not a mere expression of opinion but a statement of fact made for the purpose of inducing the vendor to act, and, if false and fraudulent, afforded ground for an action for deceit. In that opinion it was said:

"The representation was not as to the value of the article sold, but as to the value of the collateral security. The bond itself was issued by a corporation doing business in a city over a hundred miles distant and was secured by a second lien on property in that city. Plaintiff had no knowledge of its value and no ready means of ascertaining its value. On the other hand, defendant assumed to know its value and the representation was made for the purpose of inducing plaintiff to accept the notes 'without recourse' and to waive his vendor's lien. Plaintiff not only accepted the notes upon the faith of this statement, but assured defendant that such was the case. Thus the worth of the collateral security was made a controlling element of the bargain. If such be the case, the representation that the collateral security was worth par was not, nor was it intended as, mere expression of opinion but was a statement of fact made for the purpose of inducing plaintiff to act, and if false and fraudulent, afforded a sufficient ground for an action for deceit. Such was the ruling of the Supreme Judicial Court of Massachusetts in Whiting v. Price, 169 Mass. 576, 61 A. S. R. 307, where it was held that a representation of a vendor of a bond, that it was secured by machinery and real estate of the value of $500,000.00 cannot be regarded or

excused as one of those generalities which, whether true or not, are to be expected from one who wishes to sell his goods, and if the representation is fraudulent and induces the plaintiff to make a bargain different from the one which he thought he was making, it is actionable.''

Every element of fraud embraced within the language just quoted is made to appear in this petition, and in addition it is shown that appellants have no effectual remedy in a court of law. Here there was a representation as to the value of a collateral security; it was a statement of a fact and not an expression of an opinion. Appellants had no knowledge of the value of the farm but relied on the statements made by the vendees, who knew its value. A daughter of the vendees, according to the averments of the petition, took title to the property for the purpose of defeating appellants' claim, and with full knowledge of the fraud practiced upon them. These averments bring the case within the jurisdiction of equity to grant relief and, if necessary, to decree a cancellation of the deed. 4 R. C. L. 494. Whether on proof being taken the appellants would be entitled to a cancellation or to the alternative relief sought is a question not presented. It suffices to say that the petition states sufficient grounds to authorize the granting of one or the other.

The judgment is reversed and the cause remanded for proceedings consistent with this opinion.