NATHAN B. RICHARDS

*vs.*

ORLANDO W. FOSS, ET ALS., Trustees.

Hancock.    Opinion November 10, 1927.

*If one recklessly states as of his own knowledge material facts susceptible of knowledge which in fact are not true, even though he may believe them to be true, it may amount to fraud, if the statements were made to induce another person to act upon them, and he acts upon them believing them to be true.*

In the case at bar, the jury having specially found that fraud existed at the inception of the indorsement, whether it then also found that the contract of indorsement was repudiated, or that there was a partial failure of consideration because of failure to deliver certain stock as agreed and the damages for such failure equalled or exceeded the amount recoverable in this action, in either case the verdict is not clearly wrong.

On general motion for new trial.  An action to recover of defendant as an indorser on a note given to plaintiff by the United States Products Corporation.  After a verdict for defendant plaintiff filed a general motion for a new trial.  Motion overruled.

The case fully appears in the opinion.

*Harry L. Crabtree,* for plaintiff.

*McKenzie, Perry & Greene, and Edmund J. Walsh,* for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, STURGIS, PATTAN-GALL, JJ.

WILSON, C. J.  An action on the indorsement by the defendant of a promissory note of the United States Products Corporation.

The United States Products Corporation was organized by the plaintiff and his son-in-law to promote the sale of a preparation of ammonia prepared according to a certain formula and under a trade name.  The plaintiff had advanced considerable money to the corporation from time to time, and desired to withdraw and be relieved of his financial obligations.

The defendant prior to his indorsement of the corporation note to the plaintiff, which was given in part payment for advances, had worked for the company as salesman for a few months, invested some money in its capital stock, and claimed also to have made some advances to meet its obligations.

At a conference between the plaintiff, his son-in-law, who was then treasurer of the corporation, and the defendant, the defendant agreed to indorse the corporation's note with the son-in-law in part payment for the corporation's obligations to the plaintiff, and, as he says, was induced to do so by the representations of the plaintiff and his son-in-law that the company then owned, fully paid for, the trade name and formula under which its sole produce was being manufactured and sold and an agreement on the part of the plaintiff that he would transfer or cause to be transferred to the defendant sufficient of the common stock of the corporation to give him one-half of the voting stock of the corporation.

The defendant set up under a brief statement and as equitable grounds of defense that his indorsement was obtained by fraud and

misrepresentation, and was conditional upon the plaintiff transferring or causing to be transferred to him sufficient of the common stock to give him one-half of the voting stock then outstanding, which the plaintiff has refused to do.

A question was submitted to the jury by the presiding Justice as to whether the defendant's indorsement was obtained by fraudulent representation in which the plaintiff participated, which question the jury answered in the affirmative. The jury also found a general verdict for the defendant. The case comes up on a motion for a new trial on the usual grounds.

That a representation of ownership of the trade name and formula was made, the plaintiff and his son-in-law both admit; but the plaintiff says it was made in good faith on information furnished him by his son-in-law, and the son-in-law testified that the company had then actually aquired the trade name and formula. Testimony by the attorney, however, who acted in the matter was offered by the defendant, to the effect that the purchase of the formula and the right to the use of the trade name had never been completed. On the contrary, at the time of the trial it had been aquired by other parties. If the jury believed the defendant's witnesses, they were warranted in finding that the representation as to the ownership of the trade name and formula was not true.

It is not necessary to prove that the person making a false statement knew it was false in order to sustain an action for, or a defense of fraud. If one recklessly states as of his own knowledge material facts susceptible of knowledge, which are in fact not true, even though he may believe them to be true, it may amount to fraud, if the statements were made to induce another person to act upon them, and he does act upon them, believing them to be true. *Braley* v. *Powers*, 92 Me., 203; *Goodwin* v. *Fall*, 102 Me., 353; *Litchfield* v. *Hutchinson*, 117 Mass., 195.

It is true that the person to whom they are made is not entitled to relief because he has been mislead, if he might have readily ascertained the truth by the exercises of ordinary care, which is a question for the jury. Ordinarily a president of a corporation, which office the defendant appears to have held at the time of the indorsement, can not complain of misrepresentations as to the assets of his own company. A reasonable inference from the testimony in the case,

however, is, and the jury may have found, that the defendant was elected to that office at the meeting at which the note was signed, and the representation by the plaintiff coupled with the statement of the treasurer of the company may well have satisfied the ordinarily prudent man as to the ownership, inasmuch as the company, to the knowledge of the defendant, had apparently been using without objection from any one the trade name and formula since his connection with the company.

The jury having found that the two principal elements forming the consideration for the indorsement of the note had failed, viz.: the corporate ownership of the formula and trade name, and an equal share of the common stock of the corporation, it then became a question for the jury, under the instructions of the Court, which are not before us and which we must assume were adequate and a correct statement of the law, whether the contract of indorsement had been repudiated by the defendant because of the fraud and misrepresentation or whether the failure to deliver to the defendant a sufficient number of shares to give him ownership of one-half of all the outstanding common stock had resulted in a partial failure of consideration, the damages for which equalled or exceeded the sum it is agreed may be recovered in this action, viz.: one hundred dollars.

In either case, we can not say the verdict of the jury is so clearly wrong as to require it to be set aside.

*Motion overruled.*