Robbins, J.
This is an action of contract to recover $300 paid by the plaintiff to the defendant, a broker, as a deposit under an oral agreement to purchase certain real estate owned by one Tourtellote. The declaration is in two counts, the first for money had and received, and the second as assignee of Tourtellote’s claim against the defendant, both counts being based on an alleged misrepresentation of the defendant to the plaintiff relative to the real estate which was claimed by the plaintiff to make his agreement voidable.
There was evidence which warranted a finding that the defendant showed the property to the plaintiff and that ' evening received from him $300 as part of the agreed purchase price, which was $8000, of which $6950 was to be paid by the assumption of a bank mortgage. It could have been found that at the time this payment of $300 was made, the defendant represented to the plaintiff that the payment of $1050 in cash was the only investment required of the purchaser. However, when the plaintiff and the defend *286 ant, on the following day, went to the bank holding the mortgage, the bank insisted, as they previously had done to Tourtellote, that the plaintiff make certain repairs on the building or certain payments in reduction of the mortgage. Thereafter, the plaintiff refused to go through with the sale.
At the close of the evidence the defendant filed requests for the following three rulings:
“1. Where a real estate broker secures a customer who is both willing and financially able to purchase property upon the terms authorized by the principal,' who has been informed of the completion of the negotiations, a commission has been earned, even if a sale is not completed because the parties never enter into a binding agreement. 2. The falsity of a representation does not constitute deceit or furnish a justification for rescission of a contract unless the representation was made with knowledge of its falsity. 3. A representation as to what a mortgagee bank will do by a real estate broker who is not employed by the bank is a mere opinion or prophecy and no justification for rescission of a contract.”
The court granted the first and third requests but denied the second, and found for the plaintiff.
The defendant’s sole claim of grievance is the denial of this second request. We are of the opinion that he was not aggrieved thereby, for the decisions of our courts do not support his claim that the falsity of a representation does not furnish a justification for rescission of a contract unless the representation was made with knowledge of its falsity.
It is apparent from the report that the plaintiff’s desire to purchase the real estate depended considerably on the representation that no investment beyond $1050' would be required of him, and that this was a material representation.
*287 It is unquestionably the law in Massachusetts that where a person is induced to enter into a contract by misrepresentation as to a material matter, he can avoid the contract regardless of whether or not the one making the misrepresentations has knowledge of their falsity. Fisher v. Mellen, 103 Mass. 503. Litchfield v. Hutchinson, 117 Mass. 195. Savage v. Stevens, 126 Mass. 207. Jewett v. Carter, 132 Mass. 335. Chatham Furniture Co. v. Moffatt, 147 Mass. 403. Restatement of the law of Contracts §476.
The report is to be dismissed.